Per curiam delivered by
Thompson J.
I think the plaintiff’s demand cannot be supported. Although the case is somewhat obscurely drawn, I assume as facts admitted, that the claim possessed by the testator Pitkin, to the township of land in Luzerne county, in Pennsylvania, was nothing more than what is usually called, the Connecticut claim, and that there was an adverse possession under the Pennsylvania title, at the time of the sale made to Maxwell. In this I am warranted, because the counsel on the argument *149 have so considered the case. Under this statement, the sale to Maxwell was illegal, and would fall under the denomination of maintenance. This court have gone the length of saying, they will judicially recognise the situation of that country, and will not enforce contracts relative to the sale of the Connecticut claim. If the sale by Pitkin would have been illegal, I am unable to discover how it could be legalized by his agent or broker. It is too salutary and well settled a principle to be in any measure infringed, that courts of justice ought not to assist an illegal transaction in any respect. To sustain the present action, would be in some degree ratifying, countenancing and sanctioning an illegal contract. It is a first principle, and not to be touched, that a contract, in order to be binding, must be lawful. Whenever the consideration, which is the ground of the promise, or the promise, which is the effect or consequence of the consideration, is unlawful, the whole contract is void. In the present case, the object and consequence of the agreement was the sale of the pretended title. This being illegal, the promise to divide the spoil was of course illegal and not to be enforced. All contracts that have a fraudulent object in view, are void, both at law and in equity. It is also laid down by Powell in his treatise on contracts, as an established principle, that all contracts are void that are of an unfair nature in respect to their influence on third persons, although otherwise, as between the parties to them ; because if their object be to impose on third persons, the parties to them cannot have remedy at law or in equity, for they are immoral. If the consideration money for this pretended claim had been paid to the plaintiff, neither a court of law or equity would have aided the defendants in recovering it from him. This is therefore a case to which the maxim melior est conditio possidentis must be applied, and judgment as in case of non-suit entered.
Livingston, J.
I cannot concur in the judgment which has been just delivered : there is no difference among us as to the general rule ; but in my opinion, the facts here, are not such as to call for its application to this case. The defence is of the most unconscientious nature. The defendant admits he has received a large sum for the plaintiffs, *150 but refuses to refund, because the contract on which it was paid, although for his benefit, and made at his instance, was illegal : the maxim of “ melior est conditio possidentis," too wep settled to be now shaken, although it may well be doubted, whether it was originally intended to apply to any other cases, than where the party in possession was regarded as owner of the property, until a better title were shewn in another. Thus far the rule is salutary, inasmuch, as it gives to possession a proper value, and will not permit its being lightly disturbed : but it has certainly been extended to other cases, and if the contract which forms the basis of this demand, be illegal, or if the plaintiff assisted in imposing on a third person, perhaps he ought not to recover. But from nothing in this case can it be inferred, that this contract was illegal, or that any fraud has been practised on Maxwell ; it is altogether silent as to the laws of Pennsylvania, where the land lies ; and, were it otherwise, it might be a question, how far, in this action, we could take notice of them, to render invalid the contract between these parties. For aught therefore that appears, nothing has been done contrary to the laws of that commonwealth, nor has Maxwell been imposed on. He may at the time have been in possession of the lands, under Pennsylvania, and have purchased the Connecticut claim, as was lawful for him to do, to quiet his title, or he may now hold the land under Pitkin. In either case, he has received value for the money he paid, and cannot be viewed as an injured person. This presumption is confirmed, by the circumstance of his having paid so large a proportion of the notes which he gave. It not appearing then, that the contract between Pitkin and Maxwell, is illegal, nor that the latter has been deceived or defrauded, and the defence being of a kind not entitled to much countenance, I think the plaintiff should have judgment.