PEYTON (BROOKE v.). See Cases Nos. 1,-933 and 1,934.

PEYTON (GARDNER v.). See Case No. 5,-234.

PEYTON (HUTCHINSON v.). See Case No. 6,958.

PEYTON (NEALE v.). See Case No. 10,-071.

PEYTON (RICHARDSON v.). See Case No. 11,794.

## Case No. 11,057.

PEYTON v. VEITCH et al.

[2 Cranch, C. C. 123.] [1]

Circuit Court, District of Columbia. Nov. Term, 1816.

DEPOSITION—CAPTION—MAGISTRATE'S CERTIFICATE —SUPERCARGO—PAYMENT FOR OWNER'S ACCOUNT.

1. It is not necessary that a magistrate who takes a deposition under the act of congress, should certify that he was not of counsel with either party.

[Cited in Stewart v. Townsend, 41 Fed. 123.]

2. It is competent for the plaintiff to give evidence of orders given to him in former voyages, in order to raise a presumption that similar orders were given in the voyage in question.

3. The caption of the deposition must name all the parties in the suit.

4. If the supercargo violates the laws of the foreign country by making short entries of the homeward bound cargo, and thereby subjects the vessel and cargo to seizure and condemnation, and pays a sum of money to obtain the release of the property, such violation of the laws of the foreign country will not prevent the supercargo from recovering from the owners the sum of money thus paid for the release of the property, unless it was paid in violation, also, of the laws of that country; in which case, he cannot recover.

This was an action of assumpsit brought by Thomas W. Peyton, against Richard Veitch and Anthony Crease, joint merchants, trading under the firm of Richard Veitch & Co., Jonah Thompson and Craven P. Thompson, joint merchants, trading under the firm of Jonah Thompson & Son, and Jacob Hoffman, to recover the sum of $4,000 paid by the plaintiff to redeem the schooner Alert and cargo, which had been seized as forfeited, in Curacoa, for violation of the laws of that place, by short entries of the cargo taken in there for the homeward voyage.

THE COURT (in the absence of CRANCH, Chief Judge) had decided that it was not necessary that the magistrate who takes a deposition under the act of congress, should certify that he is not counsel for either of the parties. It having been proved that the usual course of trade to Curacoa was to enter and clear by short invoices, so as to evade the payment of duties, and that this course was winked at by the revenue officers of the place, the plaintiff offered evidence that the defendant Veitch had given him orders to that effect, in former voyages, in order that the jury might draw an inference that similar orders had been given to the plaintiff in the present case.

THE COURT (CRANCH, Chief Judge, contra) admitted the evidence.

Mr. Taylor, for plaintiff, objected to the defendants' depositions that they did not appear to have been taken in this cause, the names of three of the defendants having been omitted in the caption.

THE COURT (nem. con.) rejected them on that ground.

E. J. Lee and Mr. Swann, for defendants, contended that the money was paid in an illegal transaction, and therefore could not be recovered, and prayed the court to instruct the jury that if they should believe, from the evidence, that the plaintiff had violated the law of Curacoa, and thereby subjected the cargo to seizure and condemnation, and that the plaintiff paid to the revenue officer the sum of $4,000 to release the vessel and cargo from such seizure and condemnation, the plaintiff had no right, in this action, to recover any part of the money so paid.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

Which instruction THE COURT (nem. con.) refused to give, because the prayer did not state that the payment of the $4,000 for the release of the vessel and cargo, was contrary to the law of Curacoa, or in violation of the duty of the officer who received it; although the seizure was for a violation of the law of that place.

Mr. Jones, for plaintiff, then prayed the court to instruct the jury, in substance, that if the plaintiff acted in conformity with the defendants' instructions, and according to the usage and course of the trade, in making the short entries which caused the seizure, and that by paying the $4,000 he made a saving to the defendants of more than double that sum, and that the payment was necessary to preserve the vessel and cargo to the defendants, the plaintiff was entitled to recover in this action the money so paid.

Which instruction THE COURT refused to give, unless with this proviso, that it should not appear to the jury, by the evidence, that such payment was contrary to the laws of the island of Curacoa.

E. J. Lee, for defendant, then prayed the court, in effect, to instruct the jury that if they should believe, from the evidence, that the $4,000 were paid to the revenue officer of Curacoa as a bribe for releasing the vessel and cargo without the knowledge or consent of the governor of the island, the plaintiff had no right to recover, in this action, any portion of the money so paid.

Which instruction THE COURT (THRUSTON, Circuit Judge, contra) gave as prayed. Bills of exception were taken, but no writ of error prosecuted.

Upon the question whether the illegality of the payment should prevent the plaintiff from recovering, the defendants' counsel cited 1 Esp. N. P. 89, 21, and 23: Mabin v. Colson, 4 Dall. [4 U. S.] 298; Belding v. Pitkin, 2 Caines, 147; and the plaintiff's counsel cited Holman v. Johnson, Cowp. 341: Biggs v. Lawrence, 3 Term R. 454; Waymell v. Reed, 5 Term R. 599, and Esp. N. P. (Am. Ed.) 20.