GEORGE B. MICHAEL, Appellant, *v.* DANIEL BACON *et al.*, Respondents.

1. *Assumpsit — Gambling house, work done upon — Defense to action for.* — It is no defense to an action for work and labor done and material furnished in fitting up a house, that plaintiff knew at the time that the house was to be used for gambling purposes.

*Appeal from St. Louis Circuit Court.*

*Van Waggoner & Dickson*, for appellant, cited Faikney v. Reynous, 4 Burr. 2069 ; Holman v. Johnson, Cowp. 341 ; Pel-

lecat v. Angell, 2 Cr. M. & Rose, 311 ; Hodgson v. Temple, 5 Taunt. 181 ; Tracy v. Talmadge, 4 Kern., N. Y., 169; Bowery v. Bennett, 1 Campb. 348 ; Cheney v. Duke, 10 Gill & J. 11.

*H. A. Clover*, for respondents, cited Pearce v. Brooks, 1 Exch. L. R. 213 ; Peck v. Briggs, 3 Denio, 107; Ruckman v. Bryan, *id.* 340 ; Nuger v. Boas, 13 Penn. St. 601 ; *Ex turpi causa non oritur actio ;* Shiffner v. Gordon, 12 East, 304 ; Belding v. Pitkin, 2 Caines, 149 ; Springfield Bank v. Merrick, 14 Mass. 322 ; Russell v. DeGrand, 15 Mass. 39 ; 17 Mass. 281 ; 2 Leo, 174 ; Hutton, 56 ; Cowp. 343 ; 7 Scott, 779 ; 3 B. & Ad. 221 ; 2 C. B. 501 ; 7 Taunt. 246 ; Ryan & M. 251 ; 1 Esp. 13 ; 1 Bos. & Pul. 340 ; 1 Campb. 348 ; 2 Carr. & P. 347 ; Bernard v. Lupping *et al.*, 32 Mo. 341 ; Hayden v. Little, 35 Mo. 422 ; Shropshire v. Glasscock *et al.*, 4 Mo. 536 ; Boynton v. Curle, *id.* 599 ; Hickerson v. Benson, 8 Mo. 8 ; Spalding v. Preston, 21 Verm. 1 ; Bloss v. Bloomer, 23 Barb. 604 ; Sto. Part., §§ 134, 138–9, 144–6, 150, 153–4, 243 ; Watson v. Fletcher, 7 Gratt. 4 ; Gow Part. 45 ; Coll. Part., 2d ed., 29, 54 ; Wats. Part. 35, 46 ; 3 Kent, 28 ; Sto. Confl. Laws, §§ 240, 260.

ADAMS, Judge, delivered the opinion of the court.

This was an action on an account for work and labor and material furnished, and fitting up and papering a house on Fourth street, in St. Louis. The main defense set up and relied on was that the paper was furnished and work done with the knowledge on the part of plaintiff, and by express agreement on his part, that the house was to be used by the defendants as a gambling house. There was no evidence that the plaintiff's purpose, in supplying the materials and fitting up the house, was that it should be used as a gambling house. There was evidence, however, conducing to show that the defendants intended to use the house as a gambling house, and that the plaintiff knew that such was their intention.

The case seems to have been tried on a wrong theory, as we understand the law. The instructions on both sides base the

defendants' exemption from liability on the simple fact that the plaintiff knew the purpose for which the defendants intended to use the house. Whilst the plaintiff conceded this proposition in the instructions asked and given for him, he objected to the same proposition as embodied in instructions given for defendants.

If gamblers can procure work and labor to be performed, and houses to be built and furnished at a heavy expense, by mechanics and others, and then escape all responsibility under the plea that the laborer, etc., knew that such houses were intended to be used as gambling houses, then I must confess that the law, so under- stood, instead of being a shield, is a trap for the unwary. I am not aware of any principle of law which compels a merchant,. laborer or mechanic to overlook the morals of his customers. He is not the keeper of their morals in any sense of the word. If he sells goods to a gambler, the sale is perfect on the delivery, and the gambler must pay for them, whatever his purpose may have been in making the purchase. If the merchant is not to be paid out of the illicit gains of a gambler, and is not connected by contract with the object the gambler has in view, his knowledge of the purpose does not vitiate the sale. I know there is conflict in the authorities in regard to the question under consideration, and some hair-splitting distinctions have been made, sometimes sustaining and sometimes setting aside such sales ; but in my judgment the weight of authority and reason is with the ruling as we here lay it down. (Faikney v. Reynous, 4 Burr. 2069 ; Hal- man v. Johnson, Cowp. 341 ; Pellecat v. Angell, 2 Cromp., Mees & Rose, 311 ; Hodgson v. Temple, 5 Taunt. 181 ; Tracy v. Talmage, 4 Kern., N. Y., 169 ; Bowery v. Bennett, 1 Campb. 348 ; Cheney v. Duke, 10 Gill & J. 11 ; Lightfoot v. Tennant, 1 Bos. & Pul. 551 ; Covenan v. Boyce, 3 Barn. & Ald. 179 ; McKendall v. Robinson, 3 Mees. & W. 424.) The case of Pearce et al. v. Brooks, 1 Court of Ech. Law Rep. 213, so strongly relied on by defendants' counsel as overruling the doc- trine of previous English cases, does not in terms profess to do so. The point made in that case was that a man who hired a brougham to a prostitute, knowing that she was a prostitute, and knowing that she intended to use the brougham for purposes of display and

attraction, could not recover for the hire, because such knowledge in that case amounted to an intention or design on his part to aid the prostitute in her illegal calling. The Court of Exchequer does not profess to overrule the previous cases, but by a sort of hair-splitting distinction to agree with them. We doubt whether the point was properly ruled in that case, and we therefore disregard it as any authority here.

We think the case under consideration was not properly presented to the jury. The judgment is therefore reversed and the cause remanded. The other judges concur.