PETER CURRAN, Respondent, *v.* HUDSON L. DOWNS *et al.*, Appellants.

### April 4, 1877.

1. A pleading is bad which states conclusions of law, or which draws legal inferences from stated facts, and such statements and inferences will be stricken out on motion.

2. The fact that the vendor, at the time of making the sale, knew that the vendee intended to use the thing sold for immoral or illegal purposes, is no bar to an action to recover its value.

3. If the vendor, in making a sale, violated a positive law, although in relation to the revenue, the law will not aid him to recover the price of the articles sold.

APPEAL from St. Louis Circuit Court.
*Reversed and remanded.* .

*E. T. Farish*, for appellants, cited : Hollenbeck *v.* Clow, 9 How. 289 ; Mott *v.* Burnett, E. D. Smith, 50 ; Nelson *v.* Broadhack, 44 Mo. 598 ; Story on Sales, sec 497, and cases cited in note, sec. 499 ; Story on Sales, sec. 499.

*T. Z. Blakman*, for respondent, cited : Johnson *v.* Hudson, 7 East, 180 ; Smith *v.* Mawhood, 14 Mee. & W. 452 ; Holman *v.* Johnson, Cowp. 341 ; Armstrong *v.* Toler, 11 Wheat. 258 ; Hodgson *v.* Temple, 5 Taunt. 181 ; Michael *v.* Bacon, 49 Mo. 474.

HAYDEN, J., delivered the opinion of the court.

The petition in this case alleged that the defendants, in September, 1872, were partners, engaged in the business of rectifying highwines and whiskies, and became indebted to plaintiff in the sum of $1,840.98 for sixty-one barrels of whisky sold by plaintiff to defendants at their request.   The defendant Spaulding alone answered, denying substantially the allega-

tions of the petition, and charging that the plaintiff was, at the date alleged, a distiller of spirits; alleging certain provisions of the revenue laws of the United States in regard to taxes to be paid by distillers; that, with intent to defraud the government of the United States, this whisky was by plaintiff removed from the distillery warehouse of plaintiff without paying the lawful tax, and delivered to defendant Downs; and then averring that the foregoing was the contract and understanding between plaintiff and defendant Downs, under and in pursuance of which the whisky was delivered to, and received by, Downs. The plaintiff moved to strike out the parts of the answer other than those constituting the general denial, and this motion was sustained. The case was then referred to a referee, who did not go into the defense set up as special matter, but upon other issues found in favor of the plaintiff. The defendant's exceptions to the report were overruled, and he filed his motion for a new trial, grounded, among other things, on the action of the court in excluding from the case the question arising out of the matters specially pleaded. This motion being overruled, the defendant Spaulding appealed.

The first question is as to the propriety of the action of the court below in striking out the new matter of the defendant's answer. It is contended by the respondent that the appellant should have admitted the allegations of the petition and then pleaded in avoidance, and that the answer was inconsistent in denying the sale and then setting up matter in avoidance. The defendant, however, had obviously a right to rely upon other facts, which could be given in evidence under his denial, in addition to the facts necessary to show that the contract was contrary to law. A stronger point is that many of the allegations moved to be stricken out were statements or conclusions of law, and have no place in the pleading. An allegation as to what the revenue law provides is first made, and the pleader concludes with the unnecessary averment " that out of said contract no

cause of action can arise," etc. It is the business of the pleader to state only facts, and it is the business of the court to deduce from the facts the proper legal inferences. Accordingly, the pleading was bad; but the question remains whether the order striking out should have extended to the averments of fact going to show that the contract for the sale and delivery of whisky was such a contract as was forbidden by law. It is contended by the respondent that, if he was guilty of a violation of law in the manufacture of the article, such fact would not taint a subsequent sale, if the vendee received the article and profited by its use.

The doctrine of some of the later English cases — that a plaintiff cannot recover on a contract for sale or hire, where he has made the contract with the knowledge that the other contracting party intends to apply the subject-matter of the contract to an illegal or immoral purpose — has been rejected in this State. *Michael* v. *Bacon*, 49 Mo. 474. The Supreme Court of this State has reverted to the sounder rule that, though the seller knew the buyer was about to apply the goods to an immoral or illegal purpose, this in itself does not affect the seller's right to recover the price. It is not thought essential in case of a purely commercial transaction, where the speedy and effectual passage of property from hand to hand is favored, that the law should step beyond its province and practically make a vendor follow property that has ceased to be his, lest it should be put to some immoral use. If the vendor is to receive the price or consideration in such a way as makes him a participant in the illegal or immoral act, or where it is a part of the contract sued on that the subject-matter of it shall be used unlawfully, then he cannot recover; but, where there is no violation of positive law, the fact that the party seeking to recover knows that the goods sold or services done are, by other persons than himself, to be put to an illegal or immoral use is no bar to his claim. *Holman* v. *Johnson*, Camp. 341; *Lloyd* v. *Johnson*, 1 Bos. & Pul.

340 ; *Hodgson* v. *Temple*, 5 Taunt. 181 ; *Michael* v. *Bacon*, *supra*. The opposite doctrine has led, in its necessary limitations, to making the plaintiff's right to recover depend on whether the plaintiff expected to be paid out of the proceeds of the illegal or immoral act ; but the absurdities attendant on this inquiry have resulted in overturning, in England, this feature of the rule. *Bowry* v. *Bennet*, 1 Camp. 348 ; *Pearce* v. *Brooks*, Law Rep. 1 Ex. 213.

No court, however, can lend its aid to a person who founds his action on a violation of a positive law. Under the rule, as just stated, it is of no concern to the seller what the buyer means to do with the goods sold to him, but the seller is bound not to violate the law ; and, if he does, the courts will not aid him in securing the fruits of the violation. The allegations of the answer here are not that the respondent was guilty of a violation of law in the manufacture of the article, but that, with intent to defraud the government of the United States of its tax, the respondent removed the whisky from his distillery warehouse without paying the tax, and delivered the whisky to the defendant Downs ; and that this was the contract and understanding by which the whisky was delivered to, and received by, Downs. The answer then negatives any other delivery of the whisky. As the law imposed the obligation on the distiller to pay the tax before the delivery, and before the removal unless to a bonded warehouse, the agreement to deliver was an agreement on respondent's part to violate the law, and the delivery to Downs without payment of the tax was a violation of the law by the respondent. Act of July 20, 1868 ; 15 Stat. at Large, 125 ; compare Act of July 13, 1866, and Rev. Stat. 630, sec. 3251. Here there is an agreement to do what is prohibited by positive law. According to the allegation — and by this we must be governed — the respondent agreed to, and did, violate the law ; and now, the contract being unexecuted as to his consideration, he seeks to recover the fruits of his own violation. The

principle is that a court of justice will not execute an illegal contract, or, what amounts to the same thing, will not give damages for its non-execution. *Belding* v. *Pitkin*, 2 Caines, 147; *Wheeler* v. *Russell*, 17 Mass. 258. Here the Federal Legislature intended absolutely to prohibit such contracts; and though the prohibition is for revenue purposes only, yet it is not the less true that no action will lie. *Smith* v. *Mawhood*, 14 Mee. & W. 452; *Cope* v. *Rowlands*, 2 Mee. & W. 149; Broom's Leg. Max. 740; Story on Sales, 4th ed., secs. 497, 499. The court below, accordingly, erred in striking out the new matter of the answer. The defendant should have been allowed the opportunity of introducing evidence as to the allegations of fact in the answer.

The judgment of the court below is reversed and the case remanded. Judge Lewis concurs; Judge Bakewell, having been of counsel, did not sit.