FRANCIS W. CRANE ET AL., Respondents, *v.* ROBERT B. WHITTEMORE, GUARDIAN OF A. M. WATERMAN, Appellant.

### November 27, 1877.

1. Where a cause is submitted to the court upon a statement which not only sets out the facts, but contains a clause which indicates the question submitted for decision, a determination of that question determines the cause, though other issues were made by the pleadings.

2. A broker may recover his commissions for services rendered in finding a purchaser for certain goods, even though the contract of sale between the buyer and seller, made after the broker's services were performed, was immoral and against public policy as a wager contract; nor is the question affected by the broker's knowledge of the character of the contract, he not being a party thereto.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

JOHN N. STRAAT, for appellant.

LUCIEN EATON, for respondents, cited: *Lehman* v. *Strassburger*, 3 Cent. L. J. 134; *Brooks* v. *Martin*, 2 Wall. 78.

HAYDEN, J., delivered the opinion of the court.

This is an action to recover an amount of money which the plaintiffs claim is due them from the defendant Waterman for their services, as brokers, in procuring for him a purchaser for 1,000 barrels of pork. The petition alleges that plaintiffs were employed for that purpose; sets out that there was an agreement to pay them one-half of one per cent on the price value of the pork; that the plaintiffs, after finding one Buckland as such purchaser, brought the two parties together, and that Buckland was accepted by Waterman. The answer, after denying plaintiffs' averments, sets up that the plaintiff Crane, at his own instance, caused Waterman and Buckland to make the wager contract given below. There was a denial, a jury was waived, and the case submitted to the court upon the following agreement:

"On the 29th day of January, 1869, Francis W. Crane, acting for his firm, brought together Alfred M. Waterman and Thomas A. Buckland, who made and entered into the following agreement:

"'I have this day bought of A. M. Waterman, through Francis W. Crane & Co., brokers, 1,000 barrels mess pork, seller's option, ninety days, at thirty-one (31) dollars per barrel; and $1 cash, as a margin on each barrel, is to be put up by each of the two contracting parties. It is agreed that, at the time of settlement of this contract, no pork is to be delivered, but the difference in price either way is to be paid in cash. In case the parties do not agree upon the price to settle upon, on the day of settlement, then the

market price of the day shall be left to Francis W. Crane to determine. The contract shall terminate upon the day the seller shall give notice, in writing, to Francis W. Crane & Co. of his determination so to do, unless it should otherwise be terminated by the limitation of the contract.

"' [Signed]                    T. A. BUCKLAND.'

"And that, according to the custom in St. Louis in such cases, of which Waterman was aware, plaintiffs were entitled to charge Waterman a commission of one-half of one per cent on the amount of said so-called sale. Defendant refuses payment of said commission, on the ground that the contract aforesaid, between Waterman and Buckland, was void as being against public policy."

No instructions were asked, and the court found for the plaintiffs.

The question is whether, upon this agreement of submission, the court below correctly found for the plaintiffs. It is contended by the appellant that the facts do not justify the finding; that there is nothing tending to show that the respondents were partners, and no evidence as to any express or implied promise to pay any sum. If the present were simply an agreed statement of facts, possibly this objection might be good, as a case made, or agreed statement of facts, ordinarily implies that the court is merely to declare the law, as a court does upon a special verdict. The power which the jury have of inferring is often preserved to the court, by a clause to the effect that the court may make such inferences from the facts agreed upon as a jury might reasonably make. In the present case the agreement proceeds beyond a statement of facts, and contains a clause which, if any meaning is to be put upon it, must be taken to indicate the question submitted for decision. It is true that other issues are made by the pleadings, but by a reasonable and ordinary rule of construction the expression of this, the main one, excludes the others. The agreement first shows the facts on which the respondents

rely, then the ground on which the appellant resists the demand; and upon this the submission is made.

In *Waterman* v. *Buckland*, 1 Mo. App. 45, it was held that there could be no recovery by Waterman in consequence of a fall in the price of the merchandise described in this wager contract. The question now presented is not affected by the decision in that case. The present respondents were no parties to that arrangement. There is nothing in the nature of a wager contract in the agreement which Waterman made with them. From the facts it would appear that the arrangement of Waterman and Buckland was made after the respondents' services as brokers had been performed. It certainly does not appear that the respondents knew that the parties were to enter into an arrangement of such a kind; but if the respondents did know this, that knowledge would not be a legal defence to this action. Though the form in which the question here presents itself is different from that exhibited in the case of *Curran* v. *Downs*, 3 Mo. App. 468, yet the principle is the same as that discussed in that case. There the authorities were reviewed, and, it being a contract for the sale of goods, the conclusion was reached that where the seller knows that the buyer is about to put the goods to an immoral or illegal use, yet, if he does not participate in the illegal or immoral act, his knowledge is no bar to his recovery. That a man should not seek the aid of courts to enforce immoral or illegal contracts of his own making is proper, but that the law should punish him for not acting as a censor of the morals of all those with whom he has business transactions is unreasonable. In a commercial country the attempt to carry such a doctrine into practice is futile, as is shown by an examination of the cases. Here it was not the business of the respondents to enquire into the nature of the arrangement that was to be effected, nor did it concern them whether a wager was made or a contract for actual delivery.

It is claimed that the judgment is in excess of the true

amount, but this question does not appear to have been raised in the court below, and there is no reference to it in the motion for new trial. All the judges concurring, the judgment is affirmed.