CASE No. 789.

### W. W. WALLACE v. CULLEN LARK.

1. An answer alleging that the note complained upon was given as the purchase money of a horse to be used in the confederate service during the late war, and that said horse was actually so used, was held on demurrer not to state facts sufficient to constitute a defence.
2. Mere knowledge by the vendor that the purchaser intends to make an illegal or immoral use of the article purchased is not sufficient to defeat an action for the purchase money. *Hodgson* v. *Temple*, 5 *Taunt.* 181 approved.

3. An allegation that defendant, by writing his name on the back of the note, became a guarantor for the payment of the same, and that upon the strength of such guaranty B received the said note for value, is a sufficient statement that defendant guaranteed its payment.

Before PRESSLEY, J., Laurens, June, 1879.

This was an action on a sealed note, payable to Cullen Lark, upon the back of which are signed the names, "Cullen Lark," "Dennis Lark." Plaintiff is the owner and holder.

The complaint gives a copy of the note in its first paragraph. Paragraph 2 is as follows: That the defendant, by writing his name on the back of the said note, became a guarantor for the payment of the same, and that upon the strength of such guaranty Bennett Wallace received the said sealed note for value. Ownership, non-payment and amount due were stated, with prayer for judgment.

The defendant alleged that the note complained upon was given as the purchase money of a horse to be used in the Confederate service during the late war, and that said horse was actually so used. To this the plaintiff demurred as not stating facts sufficient to constitute a defence. Defendant demurred orally to the complaint for insufficiency in not stating facts sufficient to constitute a cause of action.

Both demurrers were sustained, and both parties appealed.

*Mr. W. H. Wallace*, for plaintiff.

*Mr. J. W. Ferguson*, for defendant.

January 7th, 1880. The opinion of the court was delivered by

McIVER, A. J. This was an action brought against the defendant as the guarantor of a note under seal, executed by one Kay Burton, in favor of Dennis Lark. The defendant, in Paragraph 2 of his answer, set up the following as a defence: "That the note complained upon was given as the purchase money of a horse to be used in the Confederate service during the late war, and that said horse was actually so used." To this

2 o

defence the plaintiff demurred and the Circuit judge sustained
the demurrer, from which the defendant appeals.   That the de-
murrer was properly sustained is manifest from the fact that
there is no allegation that either the plaintiff or his assignor, the
payee of the note, knew at the time the note was given the pur-
pose for which the horse was purchased.   It is true a demurrer
admits every fact stated in the pleading demurred to, but here
the only facts stated are : 1. That the note was given for a horse
to be used in the Confederate service.   2. That the horse was
actually so used.   Neither of these facts necessarily involves the
idea that the vendor knew, *at the time of the sale*—the time when
the contract was entered into—the purpose for which the horse
was bought.   The case, therefore, cannot even be brought within
the rule established by the cases of *Lightfoot* v. *Tenant*, 1 *B. &
P.* 551 ; *Langton* v. *Hughes*, 1 *M. & S.* 593 ; *Cannan* v. *Bryce*,
3 *B. & A.* 179 ; *De Groot* v. *Van Duzer* 20 *Wend.* 330, that
*mere knowledge* on the part of the vendor that the purchaser in-
tends to use the article purchased for an illegal or immoral pur-
pose will be sufficient to defeat an action for the purchase money.

We are not disposed, however, to rest the case here, but are
rather inclined to adopt the rule laid down by Lord Mansfield
in *Hodgson* v. *Temple*, 5 *Taunt.* 181, that *mere knowledge* of the
vendor that the purchaser intends to make an illegal or immoral
use of the article purchased is not sufficient to defeat an action
for the purchase money.   There must be something more ; some-
thing to show that the vendor was to participate in the illegal
transaction, or that his intention in making the sale was not the
ordinary purpose to dispose of his goods to the best advantage,
but to aid or promote the illegal or immoral purpose for which
the article was bought.   The rule thus laid down is sustained
by the following cases : *Michael* v. *Bacon*, 49 *Mo.* 474 ; *S. C.*,
8 *Am. R.* 138 ; *Hubbard* v. *Moore*, 24 *La. An.* 591 ; *S. C.*, 13
*Am. R.* 128 ; *Mahood* v. *Tealza*, 26 *La. An.* 108 ; *S. C.*, 21 *Am.*
*R.* 546 ; *Tedder* v. *Odom*, 2 *Heisk.* 68 ; *S. C.*, 5 *Am. R.* 25.   In
the last-mentioned case the question now before this court was
before the Supreme Court of Tennessee, with the additional fact
that there the vendor knew at the time the note was given, the
purpose for which the horse was bought, and it was held that

bare knowledge on the part of the vendor that the purchaser intended to make an illegal use of the horse did not violate the note given for the purchase money. This case cannot be brought within the rule laid down, quite reluctantly as it would seem, in the case of *Converse v. Evins*, 5 *S. C.* 52; following the case of *Hanauer* v. *Woodruff*, 15 *Wall.* 439; for in those cases the consideration of the notes sued upon were bonds which were adjudged to be nullities, and as never having had any legal existence as property and of which no lawful use could be made, while here the consideration of the note sued upon is a horse which was always property of which a lawful use could be made. Nor does it come within the doctrine laid down in the case of *Hanauer* v. *Doane*, 12 *Wall.* 342, for there the action was upon a note given for supplies and commissary stores sold to a recognized supply contractor—in fact it was practically a sale to the Confederate government—while here the sale was to a private individual.

The defendant also demurred to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, and the Circuit judge having sustained this demurrer, the plaintiff also appeals. In this we think there was error. It is very true that the fact that the defendant guaranteed the payment of the note is not alleged with that technical accuracy which would be expected from an artistic pleader, but still we think it sufficiently appears from the allegations of the complaint that the defendant was sued as guarantor of the note, and that he, therefore, was not taken by surprise. The code requires that "in the construction of a pleading for the purpose of determining its effect, its allegations shall be liberally construed with a view of substantial justice between the parties," (Section 182,) and that "the court shall, in every stage of the action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party." Section 199. Construing the pleadings in this case in such a spirit, we are unable to see how the error or defect complained of here—purely technical in its character—could possibly affect the substantial rights of the defendant. See, also, *Mason v. Carter*, 8 *S. C.* 103.

The judgment of the Circuit Court, in so far as it sustains the demurrer to Paragraph 2 of the answer, is affirmed, but in so far as it sustains the demurrer to the complaint, it is reversed.

Judgment modified.

WILLARD, C. J., concurred.