(24 Misc. Rep. 393.)

### HESS v. ALLEN et al.

(City Court of New York, General Term. August 4, 1898.)

1. ATTORNEY AND CLIENT—ILLEGAL CONTRACT.
    If, in an agreement by a client to pay to his attorney a fixed annual sum for legal services, the consideration is both the services to be rendered and also the attorney's agreement to pay to the client a percentage of counsel fees received from other persons to whom the client might introduce him, the agreement is nonenforceable by the attorney, even as to services actually rendered, because induced in part, and tainted by, an unlawful and void consideration.

2. SAME—EVIDENCE.
    In an action upon such a contract, the exclusion of evidence that the illegality affected the entire contract constitutes reversible error.

3. PAROL EVIDENCE.
    The only effect of a consideration clause in an agreement is to estop the grantor from alleging that the instrument was executed without consideration; and for every other purpose the clause is open to explanation, and may be varied by parol proof.

Appeal from trial term.

Action by Charles A. Hess against Joseph H. Allen and others. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before OLCOTT and SCHUCHMAN, JJ.

John Lindsay (James McGregor Smith, of counsel), for appellants.
Mark G. Holstein, for respondent.

OLCOTT, J. This is an appeal by the defendants from a judgment in favor of the plaintiff entered upon the verdict of a jury. The plaintiff, a lawyer, sues as the assignee of his former firm, to recover certain quarterly payments alleged to be due under a contract for the employment of that firm, which he alleges was assigned to him at the time of the firm's dissolution. The answer puts in issue all the material allegations of the complaint, except the execution of the contract, which it sets forth in extenso. As a separate defense, it alleges that such contract was in violation of the statutes regulating the contracts of attorneys, and therefore void. It will be necessary, therefore, in order to examine this defense, to set forth part of the contract in full. After the provision here sued upon, and which is in itself entirely legal, by which the plaintiff's assignors were to render services as counsel to the defendants, and for which they were to receive a stated annual compensation payable quarterly, this provision follows:

"Fifth. It is further mutually understood and agreed that, out of all re-
tainer and counsel fees collected and received by the parties of the second
part for services rendered in any civil. or criminal proceeding or litigation,
or in any matter or proceeding before the board of general appraisers, or in
any matter or matters proceeding or proceedings whatever pending in any
courts of the United States or before the secretary, where the party or
parties for whom the parties of the second part appear shall have been intro-
duced by the parties of the first part, then, and in such cases, the parties of
the first part shall be entitled to and shall receive, out of such retainers
and such counsel fees, twenty-five per cent. of the amount received by the
parties of the second part."

The provision of this fifth clause is clearly obnoxious to sections
74 and 75 of the Code, and void.    But the claim of the respondent
is that this provision is clearly and wholly independent of the lawful
engagements of the first, second, third, and fourth clauses, upon
which this suit is brought, and that in effect the first, second, third,
and fourth clauses constitute a separate contract, founded upon an
independent consideration, and having no relation to or effect upon
the other.    And counsel for the respondent quotes the rule well
stated by Addison:

"If there are several considerations for separate and distinct contracts, and
one is good, and the other is bad, the one may stand and be enforced al-
though the other fails.    The invalidity of the one will not necessarily induce
the destruction of the other." Add. Cont. p. 1169.

This rule is enunciated by the authoritative decisions, and I think
we may take it as a guide in arriving at the determination of the
question whether the above-mentioned clauses form two separate
contracts, or one indivisible contract, so that the illegality of any
part voids the whole.    The two are certainly distinct in form and
separate in their expressed considerations; but the claim of the
appellants is that they agreed to pay $1,200 to $1,500 per year for
legal advice, not only in consideration of receiving such legal advice,
but in further. consideration of the agreement of the fifth clause,
to wit, that the law firm would divide certain fees with them, and
thus substantially lessen the net cost of legal services and advice
to them.    If this were true and provable, and because the proposal
and subsequent agreement of the law firm to divide such fees was
illegal, it would follow that the agreement contained in the first
portion of the contract would be nonenforceable by the plaintiff,
because induced in part and tainted by an unlawful and void con-
sideration thus offered and proposed by the plaintiff or his partners
and assignors.    Bank v. King, 44 N. Y. 87;  Belding v. Pitkin, 2
Caines, 147;  Burger v. Koelsch, 77 Hun, 44, 28 N. Y. Supp. 460;
Barton v. Plank-Road Co., 17 Barb. 397;  Brown v. Brown, 34 Barb.
533;  Foley v. Speir, 100 N. Y. 552, 3 N. E. 477.

It was in pursuance of this claim of partial illegality of consid-
eration that the defendants offered to show upon the trial, by the
testimony of one of them, that it was represented to them by the
law firm, at the time of the signing of the contract, that the agree-
ment to divide fees would reduce the amount which the defendants
would have to pay for the legal services to be rendered pursuant to
the first four clauses of the contract.    This proposed testimony,
and the question to bring it out, were rejected by the court, to

which ruling the appellants excepted; and subsequently the court charged the jury that that part of the agreement which stipulated for the division of the fees was in itself illegal and not enforceable, but that the part thereof providing for a compensation for legal services rendered was a separate, valid, and enforceable agreement, to which also the appellants excepted. We think there was material error in this rejection of evidence, and that the defendants were thereby precluded from showing that the first and second portions of the contract were interdependent, and that, in reality, the consideration for the portion here sued on was in part the void engagement contained in the second portion of the contract, which the plaintiff or his partners had prepared and offered to the defendants for execution. The testimony so offered is not to be confused with that parol evidence which may not be offered to vary the terms of a written contract; for, according to the American cases, the only effect of a consideration clause in an agreement is to estop the grantor from alleging that the instrument was executed without consideration, and for every other purpose the consideration clause is open to explanation, and may be varied by parol proof. McCrea v. Purmort, 16 Wend. 460; Juilliard v. Chaffee, 92 N. Y. 529, 535; Sparkling v. Wells, 24 App. Div. 584, 49 N. Y. Supp. 321; Baird v. Baird, 145 N. Y. 659, 663, 664, 40 N. E. 222; Browne, Par. Ev. 44.

Interesting questions are also raised by the appellants' claim that the contract in suit was not assignable, and that the plaintiff cannot recover upon the theory of his employment in place of the contracting firm, which assigned the contract to him, because such employment is not pleaded in the complaint, and because, if pleaded, it would be open to the defense based upon the statute of frauds; but, in view of our decision upon the point above discussed, we are not called upon to determine the other questions raised.

The judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellants to abide the event.

SCHUCHMAN, J., concurs.