GREENLAND et al. v. MITCHELL et al.

(Third Division. Fairbanks. April 17, 1907.)

1. GAMING (§ 17*)—CONTRACTS—VALIDITY.

Plaintiffs were carpenters, and contracted with the defendants to erect a small frame building in the rear of a saloon owned by one of the defendants. Plaintiffs performed their contract and sued to recover the agreed price. Defendants sought to evade payment upon the evidence that plaintiffs knew the building was to be used as a gaming house. *Held*, that the defendants cannot repudiate their contract and escape payment on that ground, and thus secure to themselves advantages flowing from their own violation of the law.

[Ed. Note.—For other cases, see Gaming, Cent. Dig. § 32; Dec. Dig. § 17.*]

2. CONTRACTS (§ 346*)—ACTION FOR BREACH—PLEADING—VARIANCE.

The fact that plaintiffs' proofs show a less amount to be due under the contract than is set up in the complaint is not such a variance as to be fatal to their whole cause of action.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1739; Dec. Dig. § 346.*]

---

*See same topic & § NUMBER in Dec. & Am. Digs. Key No. Series & Rep'r Indexes

This is an action to recover the sum of $794 under a contract for the construction of a frame building on the west half of lot No. 5, block No. 1 east, between First and Second avenues, in the town of Fairbanks. The plaintiffs, G. W. Greenland and J. G. Taylor, were, on May 25, 1905, and for some time before and after, copartners doing business under the firm name and style of Greenland & Taylor, and, as such firm, were conducting the business of contracting and building. At about that time the defendant McArthur, who was not, however, served in this action, came to plaintiffs' carpenter shop and commenced negotiations for the erection of a building on the lot above mentioned, in the rear of the Sideboard Saloon, variously designated during the trial as the Log Cabin and as the Wigwam Saloon. Plaintiffs refused to enter into any contract with McArthur alone, saying to him that, if he would associate with him some person financially responsible, they would take the contract. On the next day McArthur, accompanied by defendant Mitchell, returned to plaintiffs' place of business, and a verbal contract was thereupon made between the partners and McArthur and Mitchell; the former therein agreeing to construct the building for $719 before June 15, 1905, saying they would complete it within five days from the time of the commencement of the work. Mitchell agreed to pay that price for the building; the sum of $385 when the foundation was down, that amount being the price of the lumber to be used in the construction of the building. The balance he was to pay within 30 days after the completion of the structure. There is also evidence to the effect that, if any changes from the original plan agreed upon were made, plaintiffs were to be paid the actual cost of material used in making such changes.

Mitchell was at this time steadily employed at the Tanana Bottling Works, earning $200 per month wages, and undoubtedly was the one on whose credit plaintiffs undertook the contract and to whom they looked for payment. Plaintiffs, pur-

suant to the terms of the contract, proceeded with the erection of the building. When the foundation had been built, Greenland went to Mitchell to collect the first payment of $385 agreed upon. Mitchell promised to get it the next day, but did not do so, putting plaintiffs off with promises as to payment from time to time until the structure had been completed.

During the progress of the construction of the building certain changes from the original plan were found to be necessary, and, these having been agreed upon by the parties, they were made. The building was completed according to the altered plan; the additional expense thereof being under the original contract confined to the actual cost of the material necessitated by the changes. The evidence shows this to be the sum of $20. At the expiration of 30 days after the completion of the building, the sum of $719 for the structure, and the further sum of $20 for extras, became due under the contract.

On or about June 5, 1905, when the building was finished, it was accepted by defendants, and they entered into possession and occupied it. From that time on Mitchell persistently refused to pay to plaintiffs any part of the price as he had contracted. The evidence adduced on the trial established clearly that Mitchell entered into the contract with plaintiffs; that he was interested in the building, though the lease of the ground stood in the name of McArthur; that plaintiffs performed their part under the contract; that they have not been paid, either in whole or in part, therefor; and that Mitchell is liable upon the contract. An extended discussion of the evidence seems to the court unnecessary.

Miller & De Journel, for plaintiffs.

Heilig & Tozier, for defendants.

GUNNISON, District Judge. Defendants' counsel, on the submission of the case, urged that the contract was to ac-

3 A.R.—18

complish an illegal purpose, and, as such, should not be enforced, the enforcements of such contracts being against public policy; that plaintiffs knew, when they entered into the contract, that the building to be erected was to be used as a gaming house, and hence that they cannot recover therefor, such contract being illegal. In the opinion of the court, this position is untenable; all evidence as to the purpose for which the building was to be used, or for which it was used after erection, and as to plaintiffs' knowledge thereof, having been excluded on the trial after argument of counsel.

The court was then, and, after a careful perusal of the authorities cited by counsel for defendants on the submission of the cause, still is, of the opinion that the case at bar does not fall within the rule urged by defendant. The contract sued upon was for the erection of a building, and even though defendant proposed to use it as a gaming house when completed, and plaintiffs knew it, the fact that the latter entered into and performed their part of the contract is not, to the mind of the court, such a furtherance of an illegal purpose as to enable defendant to avoid his obligations arising thereunder. The defendant cannot repudiate the contract on this ground, and thus secure to himself advantages flowing from his violation of the law. 15 Am. & Eng. Enc. of Law, 987; Michael v. Bacon, 49 Mo. 474, 8 Am. Rep. 138; St. Louis Fair Ass'n v. Carmody, 151 Mo. 566, 52 S. W. 365, 74 Am. St. Rep. 571.

Defendants also contend that there is a fatal variance between plaintiffs' pleadings and proofs. Neither can the court agree with counsel in their position on this phase of the case. The fact that plaintiffs' proofs show a less amount than is set up in the complaint is not such a variance as to be fatal to their whole cause of action.

Let judgment enter for plaintiffs against the defendant Mitchell in the sum of $739, with interest, together with costs of the action.