(156 App. Div. 673.)

### HART v. CITY THEATERS CO.

(Supreme Court, Appellate Division, First Department. May 2, 1913.)

LANDLORD AND TENANT (§ 29*)—SUBLEASE—CONTRACT—CONSIDERATION—LIABILITY FOR RENT.

    Plaintiff as lessee of certain property executed a written agreement with defendant, which was constructing a theater on adjoining property, whereby defendant was given the right to cut an opening through the exterior wall of plaintiff's premises to provide an exit from the third story of defendant's theater, with the privilege of using the westerly stairway of plaintiff's building for ingress and egress to the theater, defendant agreeing to submit to plaintiff written plans for the work, to be approved by plaintiff, and to obtain an approval from the New York City building department before the work was proceeded with. Defendant never submitted to plaintiff any plans and specifications, and never cut through the doorway, but paid the rent for three months, and the building department refused to approve the plans or permit the work to proceed unless the stairway was made fireproof by inclosing the same in a brick wall and constructing the stairway of iron. *Held,* that the contract was not illegal as contemplating an illegal construction, and that defendant's failure to perform and use the stairway resulted from its own default, and was therefore no defense to an action for rent subsequently accruing.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 85; Dec. Dig. § 29;* Contracts, Cent. Dig. § 465.]

    Laughlin and Hotchkiss, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by Edward Hart against the City Theaters Company. From a judgment dismissing the complaint on the merits, plaintiff appeals. Reversed, with directions.

See, also, 144 App. Div. 899, 129 N. Y. Supp. 1126.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Walter J. Rosenstein, of New York City, for appellant.
Henry A. Friedman, of New York City, for respondent.

DOWLING, J. The plaintiff being lessee of the premises known as Nos. 116 and 118 East Fourteenth street, in the borough of Manhattan, city of New York, under a written indenture of lease expiring April 30, 1921, on January 6, 1910, entered into an agreement in writing with the defendant, which was engaged in constructing a theater on the premises immediately adjoining to the west and south. Thereby, after a recital of the desire of the defendant to cut an opening or doorway through the exterior westerly wall of the premises No. 116 East Fourteenth street, for the purpose of providing an exit from said theater at the third story of said building, and of obtaining the

right and privilege of using the westerly stairways of said building for ingress and egress to said theater, upon the terms and conditions thereinafter set forth, the parties agreed, among other things, that the plaintiff granted to the defendant the right and privilege to cut through the westerly wall of the premises No. 116 East Fourteenth street aforesaid at the third story of said building (being two floors above the street level) for the purpose of constructing a doorway or entrance from the theater then in course of construction by defendant into the aforesaid building, leased by plaintiff, and further granted to the defendant the right and privilege of using the westerly stairways in said building as a means of ingress and egress to said theater through the aforesaid doorway for persons attending performances in said theater, and for no other purpose. It was further provided that said user should be in common with the plaintiff and the other tenants of said building. The defendant agreed before cutting through the doorway in question to submit to the plaintiff written plans and specifications for the work, to be approved in writing by the plaintiff, and a certificate of approval was to be obtained from the building department of the city of New York before the work could be proceeded with. The agreement further provided as follows:

"The party of the second part (defendant) also agrees to submit to the party of the first part (plaintiff) written plans and specifications of the manner in which it intends to cause the said stairways to be used by it hereunder to be fireproofed, which plans and specifications must be approved in writing by the party of the first part before the party of the second part proceeds with said work. The party of the second part hereby agrees that said work shall be done by it in compliance with the rules and regulations of the board of fire underwriters of the city of New York, of the building department, and of all other municipal and state departments having jurisdiction of the same."

It was further provided:

"Third. The party of the second part does hereby upon the terms hereinabove and hereinafter set forth, lease from the party of the first part the privilege of cutting through the doorway above mentioned and of using the aforesaid stairways as a means of ingress and egress to the said theater, and does hereby further agree to perform the work of cutting through said doorway and fireproofing said stairways in a workmanlike manner, in accordance with the plans and specifications to be approved by the party of the first part and in accordance with the rules and regulations of the board of fire underwriters of the city of New York and of all municipal and state departments having jurisdiction of the same at its own expense."

It was also further provided:

"Fifth. The party of the second part further agrees in the maintenance and user of said doorway and stairways to comply with, at its own expense, all rules, orders, and regulations of the tenement house department, building department, board of fire underwriters, and all other municipal and state departments having jurisdiction of the same. Upon its failure so to comply its right to maintain and use the said doorway and stairways under this agreement shall cease until the same is complied with, and the party of the first part shall have the right to comply with such rules, orders, and regulations at its own cost and add the same to the installment of rental to become due from the party of the second part on the first of the next succeeding month. The party of the second part also agrees at its own expense to keep said stairways in good repair and not to call upon the party of the first part for any repairs whatever."

Plaintiff has brought this action to recover for the installments of rent due under this agreement for the months from April, 1910, to June, 1911, inclusive, amounting to $1,466.67.

Upon the trial it developed that defendant had never submitted to plaintiff the plans and specifications called for by the agreement, and had never cut through the doorway which it was given permission to do under the agreement, nor has it done aught under the contract save to pay rent for the three months—January, February, and March, 1910. The defendant has set up by way of separate defense the refusal of the city department of the city of New York to approve the plans and specifications filed with it by the defendant for the doing of the work in question, and it appeared upon the trial of this action that such refusal was based upon the contention of the building department that the existing stairways could not be made fireproof, unless they were completely inclosed within a brick wall, and unless the stairways themselves were built of iron. The plans, as filed by the defendants' architect, did not provide for a completely fireproofed stairway, but, under the amendments filed by him, the stairway was to have been made fireproof from the second to the third story only, and not below that. Said architect well knew, when he filed both the plans and amendments, that he was not providing for a fireproof stairway, and that the only way to make it fireproof was to inclose it with brick walls. It appears as well from the testimony of the superintendent of buildings of the borough of Manhattan that if a brick wall had been constructed, separating the staircase from the building in which it was placed, it would in effect under the department's interpretation of the law, constitute a separate building or construction, and thus any question of the right to its use could have been avoided.

It is apparent from the testimony that the defendant could have had the free exercise of all the rights and privileges conferred upon it by the agreement had it been willing to go to the expense of complying with the law, and making this stairway completely fireproof. It is also clear from an examination of the agreement between the parties that they contemplated only such construction of the stairway after the alteration as would render the same fireproof, and upon the face of the contract, so far from any violation of the law being contemplated by the parties, they were both solicitous that there should be included in the contract every provision necessary to place upon the defendant the burden of complete compliance with every requirement of law.

It seems clear that the dismissal of the complaint herein cannot be sustained upon the ground assigned by the Trial Term, namely, that this was an illegal contract. The fact that plaintiff reserved to himself the right to use this stairway for himself and for other tenants, which under the Building Law he could not have done after the stairway had been inclosed by a brick wall, does not render the agreement void, but would simply operate to deprive the plaintiff of the right to said user, for his grant to the defendant was absolute, and, when his reserved right came in conflict with the provisions of law, it ceased to afford him any privilege thereunder. There were other stairways in plaintiff's said building which could have been used by him and his tenants.

The defendant has not asked for any reformation of this agreement, nor has it asked for its cancellation upon any ground of fraud, mutual mistake, or any claim that the agreement was to have become operative only in the event of certain contingencies which have never arisen. It may be that the agreement does not express the real intent of the parties, or that there are other considerations which might appeal to a court of equity as a reason for relieving the defendant from its obligations, but those questions are not raised by the pleadings, and are not before us.

Upon this record the judgment appealed from must be reversed, with costs, and judgment directed in favor of plaintiff in the sum of $1,465.67, with interest thereon, as prayed for in the complaint, and with costs.

INGRAHAM, P. J., and McLAUGHLIN, J., concur.

LAUGHLIN, J. (dissenting). This is an action upon a lease in writing and under seal made between the parties on the 6th day of January, 1910, to recover an installment of rent alleged to be due to the plaintiff thereunder. The defendant in its answer pleaded, among other things, that the agreement could not be lawfully executed, in that the plaintiff thereby undertook to authorize the defendant to perform acts prohibited by law.

The plaintiff was not the owner, but the lessee only of premises known as 116 and 118 East Fourteenth street in the borough of Manhattan, New York, and was in possession thereof under a lease expiring April 30, 1921. The defendant was engaged in constructing a theater on the premises adjoining on the west and south. The agreement recites that the defendant was "desirous of cutting an opening or doorway through the exterior westerly wall of the premises No. 116 East Fourteenth street, for the purpose of providing an exit from the said theater at the third story of said building," and was also "desirous of obtaining the right and privilege of using the westerly stairways" of the building of which the plaintiff was the lessee "from the third story to the street as a means of ingress and egress to said theater upon the terms and conditions" thereinafter set forth. It was then further provided that, in consideration of the mutual covenants thereinafter contained, the plaintiff granted to the defendant the right and privilege to so cut through said wall "for the purpose of constructing a doorway or entrance" from the theater and granted to the defendant the "right and privilege of using the westerly stairways in said building as a means of ingress and egress to the said theater through the aforesaid doorway" for its patrons, and it was further expressly provided, with respect to the use of the stairways, as follows: "Said user to be in common with the party of the first part and other tenants of said building." It was further provided that the defendant was to prepare and submit to the plaintiff for approval plans and specifications, and to obtain a certificate of approval from the building department before proceeding with the work, and was to submit to plaintiff "written plans and specifications of the manner in which it intends to cause the said stairways to be used by it hereunder to be

fireproofed," and that such plans and specifications were also to be approved in writing by plaintiff before the defendant was to be at liberty to proceed with the work, and the defendant agreed to do the work in compliance with the rules and regulations of the board of fire underwriters of the city of New York and the building department and all other municipal and state departments having jurisdiction of the same.

I am of the opinion that by this agreement the plaintiff attempted to license, authorize, and instigate illegal acts, and that the lease was void. Section 109 of the Building Code of the city of New York (chapter 15 of the Code of Ordinances of the city of New York) in force at the time in question provided, among other things, as follows:

"No portion of any building hereafter erected or altered, used or intended to be used for theatrical or other purposes as in this section specified, shall be occupied or used as a hotel, boarding or lodging house, factory, workshop or manufactory, or for storage purposes, except as may be hereafter specially provided for. Said restriction relates not only to that portion of the building which contains the auditorium and the stage, but applies also to the entire structure in conjunction therewith. * * * All staircases for the use of the audience shall be inclosed with walls of brick, or of fireproof materials approved by the Department of Buildings. * * * All inside stairways leading to the upper galleries of the auditorium shall be inclosed on both sides with walls of fireproof material."

The work thus licensed violated these statutory provisions, in my opinion, in two particulars at least. The building of which plaintiff is the lessee is an old five-story building constructed in 1880, and is a loft building used partly for manufacturing purposes by the tenants whose leases have some time to run. Although the building of which the plaintiff is the lessee was not erected for theatrical purposes, the agreement contemplated and provided for its alteration and use for theatrical purposes, because the express terms of the Building Code embrace and relate to the exits and stairways as well as to the body of the theater. These provisions of the Building Code clearly require that the stairways, other than those leading to the first or lower gallery and excluding the openings into the theater and the exits at the foot, shall be inclosed with walls of brick or of fireproof material. Here, again, the agreement is in violation of the Building Code, in that the plaintiff attempted to license the defendant and exacted of the defendant an agreement to afford his tenants access to the stairways, and the right and privilege of using the same in common with the patrons and employés of the defendant.

By virtue of section 150 of the Building Code, any person violating or assisting in violating any provision of the Building Code shall be subject to penalties therein prescribed. Manifestly the plaintiff could not have been authorized by the owner of the building of which he was the lessee to make an agreement with respect thereto that would be a violation of law.

The defendant has neither pleaded a want of consideration or a failure of consideration, or that it has rescinded the agreement on either ground, or on the ground of illegality. The respondent is, there-

fore, confined in its attempt to sustain the judgment to the theory that the agreement was illegal and void. But, notwithstanding the narrow limitation of the defendant's pleading, I am of opinion that the judgment can be sustained on the ground that the contract could not be performed by the defendant without violating the law, and therefore the plaintiff is seeking to recover on a contract for which it attempted to give a consideration which was wholly illegal and void because prohibited by law, and it is immaterial whether either or both parties knew the law. Burger v. Koelsch, 77 Hun, 44, 28 N. Y. Supp. 460; Hess v. Allen, 24 Misc. Rep. 393, 54 N. Y. Supp. 413; N. Y. Taxicab Co. v. Hawk, 68 Misc. Rep. 555, 125 N. Y. Supp. 220; Labaree v. Grossman, 100 App. Div. 503, 92 N. Y. Supp. 565; Washington Life Ins. Co. v. Clason, 162 N. Y. 310, 56 N. E. 755; Coffey v. Burke, 132 App. Div. 133, 116 N. Y. Supp. 514.

There was no modification of the agreement or waiver by the plaintiff or compliance on the part of the defendant with respect to the common use of the stairways, and, since the action is at law, the plaintiff's right to maintain it depends upon the facts existing when his cause of action accrued which was on the failure of the defendant to pay the rent on demand duly made, and therefore I do not deem it necessary to consider the question as to whether the bringing of the action was a waiver by the plaintiff of any right on his part with respect to the use of the stairway, nor do I deem it necessary to discuss the evidence bearing on the question as to whether plans might have been made for construction work not contemplated by the agreement which might possibly have met with the approval of the building department, for the defendant was not at liberty under the license and grant given to materially depart therefrom, and to do so would require a further agreement between the parties.

I am of opinion therefore that the judgment is right, and should be affirmed.

HOTCHKISS, J., concurs.