HENRY HERBEIN v. A. E. MOORE *et al.*

(Filed June 30, 1900.)

EQUITY—*Remedy at Law—Laches.* The powers of a court of equity cannot be invoked where it is clear from the facts pleaded in the petition that the plaintiff had a plain and adequate remedy at law, and by his own laches or neglect failed to avail himself thereof, and no valid cause or excuse is shown for such failure or neglect.

(Syllabus by the Court.)

*Error from the District Court of Logan County; before John H. Burford, District Judge.*

*Henry Hudson* and *D. T. Jarvis,* for plaintiff in error.

*W. E. Earl,* for defendants in error.

Opinion of the court by

HAINER, J.: It appears from the record in this case that on the 27th day of February, 1899, A. E. Moore, one of the defendants in error here, brought an action in ejectment, under sec. 613 of the code, in the district court of Logan county, against Henry Herbein, plaintiff in error, to obtain the possession of lot 1 of block 39 in the townsite of east Guthrie; in pursuance to said petition a summons was duly issued and served personally upon the said Henry Herbein, the defendant in said action.

On the 31st day of March, 1899, judgment was rendered against the said defendant Henry Herbein by default, and the possession of said premises was awarded to A. E. Moore, defendant in error in this action. A writ of restitution was duly issued and placed in the hands of the

sheriff for execution. On the 29th day of April 1899, the plaintiff in error filed his petition in the district court of Logan county, to perpetually enjoin the defendant in error from executing the writ of restitution, and enforcing the decree and judgment of the court.

The petition reads as follows (omitting caption):

"Your petitioner, Henry R. Herbein, respectfully shows and represents to your honor that he is a citizen of the United States, that he has resided in the county of Logan and Territory of Oklahoma for more than ten years last past, that he arrived at Guthrie in said Territory in the afternoon of the 22nd day of April, A. D. 1889, and settled upon the northwest quarter of section nine, township sixteen (16) north, range two (2) west, in said county of Logan, and has resided upon said quarter section from the date last aforesaid until the present time, and still resides on said quarter section.

"Second: And your petitioner further represents that he was the first legal settler upon said quarter section after the hour of noon on said twenty-second day of April, 1889. That on or about the thirtieth day of April, 1889, he visited the land office in Guthrie, and asked to be allowed to file his application and affidavits for the purpose of homesteading said quarter section, but was refused by the officers in charge of said land office; that at divers and sundry times and dates thereafter, he applied at the land office for a like purpose, and was always refused until the 17th day of April, 1899, when he presented his said application and affidavits, which were duly received by the persons now in charge of said land office, and were duly filed, and his said application was rejected by the register in charge, from which decisions of said register your petitioner appealed to the commissioner of the general land office at Washington, which appeal is now pending, and so far as your petitioner is advised, is still undetermined by the said commissioner of said general land office.

"Third: And your petitioner further shows and represents to your honor, that he is informed and believes, divers and other persons have filed claims or applications for homestead upon the premises hereinbefore described, and that various suits have been commenced, and that one of said suits to-wit: the case of Xenophon Fitzgerald, complainant, against divers and sundry persons, is still pending and undetermined in this honorable court, in which suit the said Fitzgerald claims title to said quarter section, and that, as your petitioner believes, there are still grave doubts, and your petitioner avers and charges that the real and equitable title to said quarter section of land remains in the government of the United States, and is not subject to taxation under the laws of the Territory of Oklahoma, or the ordinances or any municipal laws of any city, township or county within said Territory.

"Fourth: Your petitioner further shows that during the year 1891, such proceedings were had by the land office in Guthrie in said Logan county, and by the general land office in the city of Washington, that on or about the 25th day of January, 1892, a pretended patent to said land was issued to John Foster, William S. Robertson and Andrew C. Schnell to the land hereinbefore decribed, as trustees for townsite purposes, but your petitioner charges and avers the fact to be that no title to said land was conveyed by said patent to said trustees and that said patent is absolutely null and void, and of no force or effect, either in law or equity; nevertheless, the said Foster, Robertson and Schnell upon receiving such patent proceeded at once to sub-divide said land and to lay the same out into blocks and lots, and to sell the same to divers persons and pretended thereby to convey the same to persons so purchasing or pretending to purchase, and your petitioner fearing that unless he made some arrangement with said pretended trustee that he would be forcibly ousted from possession and from the improvements that he had made upon said quarter sec-

tion, applied to the said pretended trustees and procured of them a pretended title to that portion upon which some of his improvements had been erected, and which proved to be lot one (1) in block thirty-nine (39) in said pretended subdivision so made by said pretended trustee, yet, notwithstanding the facts hereinbefore set out, no title was conveyed to said trustees and said land still remains the property of the United States as fully and completely as if no patent had been issued pretending to convey the same to the parties aforesaid, as such pretended trustees for townsite purposes as aforesaid, and said premises are not liable to be assessed and taxes levi.d thereon by the said Territory of Oklahoma, the county of Logan, or the city of Guthrie.

"Fifth: Your petitioner further shows and represents to your honor, that notwithstanding the premises aforesaid, the officers of the said Territory, county and city aforesaid, during the years 1894 and 1895 levied upon the premises aforesaid to-wit, said lot one (1) block thirty-nine (39) in said northwest quarter of said section nine (9) for the said year 1894, the sum of $9.14, and for the year 1895 the sum of $11.68, that thereafter such proceedings were had that said premises (said lot one) was advertised in some manner to your petitioner unknown, and thereafter the same was offered for sale by the treasurer of Logan county at public auction contrary to law and contrary to equity and good conscience; that no bidders being present the same was passed by the said treasurer and thereafter a certificate was issued by the said treasurer to the said county of Logan as purchaser of said lot one, although no bid was ever made therefor by the said county of Logan or by any person, corporation, or municipality, and notwithstanding the further fact that no process of law had been used or employed, no petition had been filed, no judgment had been asked or rendered, of or by any court of competent jurisdiction within the said county of Logan or the Territory of Oklahoma, and no process or notice has been served either

personally or by publication. And your petitioner avers that at the time of said pretended sale by the said treasurer of Logan county, he, the said treasurer, had no right or authority either in law or in equity to issue any certificate, such proceedings were afterwards had that on other municipality, corporation or individual.

"Sixth. And your petitioner further shows that notwithstanding the want of authority or jurisdiction of the said treasurer to make such sale and to issue said certificate, such proceedings were afterwards had that on the 16th day of March, 1898, the said treasurer of said Logan county, being in possession of the said certificate and having always been in possession thereof, from the date of the issue thereof, pretended to transfer said false and fraudulent certificate so by him issued as aforesaid to one E. A. Moore, a citizen of the state of Kansas, and thereupon at the request of the said E. A. Moore or her agent or attorney, or upon his own motion and at his own suggestion on the date last aforesaid, issued a pretended deed of said lot one, to the said E. A. Moore, who then claimed through her agent or attorney or by request of said county treasurer to be the owner and entitled to the immediate possession of said premises, together with all improvements thereon; and your petitioner avers and charges the facts to be that the said pretended transfer of the said pretended certificate to the said county of Logan, so made as aforesaid, and deed so as aforesaid made and executed by the said county treasurer to the said E. A. Moore, were false, fraudulent and done without any legal right or authority, in law or in equity.

"Seventh: And your petitioner further shows unto your honor, that in pursuance of said fraudulent transaction hereinbefore set out between the said E. A. Moore, and the said treasurer of Logan county, she, the said E. A. Moore, on the 27th day of February, A. D., 1899, filed in the office of the clerk of this honorable court her petition for possession of said premises, to-wit, said lot one, together with all improvements thereon, and there-

—21

upon a summons was issued out of said court by the clerk thereof, directed to the said sheriff for service, and thereafter such proceedings were had in said court that on the 31st day of March, 1899, a judgment was rendered by said court in favor of the said plaintiff and against your petitioner for possession of said premises and the costs of said suit, and thereafter, during the month of April, at the request of said E. A. Moore, plaintiff in said suit, her agents or attorneys, a writ was issued by the clerk of this court against your petitioner as defendant in said suit and in favor of the said E. A. Moore, and placed in the hands of the sheriff of said Logan county for service, and for possession of said premises and cost of suit, and said writ is now in the hands of said sheriff who threatens to dispossess your petitioner from said premises, and place the said E. A. Moore in possession thereof, and your petitioner avers and charges that the said sheriff will carry out his threats and design to so dispossess your petitioner unless restrained and enjoined by the order and injunction of this honorable court.

"Eight: And your petitioner further shows that the said premises in question together with the improvements thereon are fairly worth the sum of $1,000.00; that the whole amount claimed to have been paid by the said E. A. Moore for said pretended tax certificate was the sum of only $39.47, including all pretended costs etc., as pretended to have been levied for the year 1894, 1895 and 1896.

"Ninth: And your petitioner says that the taxes so pretended to have been levied as aforesaid for the several years last aforesaid, the advertising for sale without the judgment of any court or personal service, and said pretended sale, were all done without any authority of law, and contrary to the provision of the constitution of the United States, and contrary to equity and good conscience and the said pretended deed was issued without any authority of law, and that the same is absolutely null and void, and of no force and effect either in law or equity, but

your petitioner says that if upon the final determination of this suit it shall be found that said taxes were legally and justly levied by the several officers hereinbefore mentioned, he will upon the rendition of such final judgment pay to the said E. A. Moore, said sum this court may direct.

"Your petitioner therefore prays that upon the final hearing and determination of this suit the pretended deed so made and executed by the said county treasurer to the said E. A. Moore may be declared null and void, to have conveyed no title whatever to said premises, and to have no force or effect either in law or equity; and your petitioner prays for such other and further relief in the premises as shall be agreeable to equity and good consicence, and as to your honor shall seem meet."

A temporary injunction was granted by the court as prayed for in the plaintiff's petition.

On May 10th, the defendant in the court below, E. A. Moore, defendant in error, demurred to the plaintiff's petition upon the following grounds: (1) That the petition does not state facts sufficient to constitute a cause of action against the defendant. (2) That the statute of limitation has run against said action, for the reason that said action was not brought within one year from the execution of said deed, as required by statute. (3) That the court has no jurisdiction over the subject matter of the action. And on the same day the defendant filed a motion to dissolve the temporary injunction, and dismiss the cause of action for the following reasons: (1) That the petition shows by its averments, that the plaintiff in the case, had a full and adequate remedy at law for the wrongs set forth. (2) That the petition does not show sufficient equitable grounds to entitle the plaintiff to the writ of injunction. (3) That the petition does

not state facts sufficient in equity to give the court juris-diction to grant the relief demanded in said petition.

It appears from the record that the motion and demurrer were presented, and considered by the court at the same time. The district court held that the petition did not state facts sufficient to grant the relief prayed for in the petition, and thereupon dissolved the temporary injunction and dismissed the action, at the costs of the plaintiff. From this ruling and judgment the plaintiff appeals.

We think that the petition of the plaintiff wholly fails to state facts sufficient to constitute any cause of action and to grant the relief prayed for, and hence the court properly sustained the motion to dissolve the temporary injunction, and dismissed said action. It clearly appears from the petition that the plaintiff had a plain and adequate remedy at law, and that by his own *laches* and neglect he failed to avail himself of it. It appears that in the ejectment suit the defendant was served personally by summons and he failed and neglected to plead or answer thereto. There is no allegation in this petition that the failure of the plaintiff to answer or plead or set up his defense if he had one to said action was due to any wrong, misconduct or fraud of the defendants or either of them, and no reason or cause is shown for such failure. It is a well settled and universal rule, that the powers of a court of equity cannot be invoked where it is clear from the facts pleaded in the petition that the plaintiff has a plain and adequate remedy at law, and that by his own *laches* or neglect he has failed to avail himself thereof, and no valid cause or excuse is shown for such failure or neglect. (*Twine v. Carey*, 2 Okla. 249; *Bassett v. Mitchell*, 3 Okla. 177.)

There being no error in the record, the judgment of the district court is, therefore, affirmed.

Burford, C. J., having presided in the court below, not sitting; all of the other Justices concurring.