## RUCKS-BRANDT CONSTRUCTION CO. v. PRICE, Sheriff, et al.

No. 24099.    July 18, 1933.

Application to Recall Mandate and File Petition for Rehearing Denied Oct. 3, 1933.

Yancey, Spillers & Fist, E. M. Calkin, and Donald L. Brown, for plaintiff in error.

L. N. Houston, C. B. McCrory, and A. L. Emery, for defendants in error.

SWINDALL, J. The record in this case discloses that plaintiff, Rucks-Brandt Construction Company, was a construction contractor, and while engaged in constructing a building in Oklahoma City had employed C. O. Silver as a brick mason foreman. Silver was injured in an automobile accident and filed his claim for compensation before the State Industrial Commission, where an award was rendered to him for 500 weeks. Plaintiff had a workmen's compensation insurance policy covering its operations with the Southern Surety Company, which company, through its attorneys, appeared on its own and on plaintiff's behalf and contested Silver's claim before the Commission. Following the award the Southern Surety Company became insolvent. Silver then sought to collect the award against plaintiff by forcible process out of the district court of Tulsa county. The Rucks-Brandt Construction Company, as plaintiff, then instituted suit in the district court of Tulsa county, Okla., seeking to enjoin the sheriff of that county and C. O. Silver, defendants in said

cause, from proceeding with their efforts to collect the award of the State Industrial Commission against plaintiff.

The district court found against plaintiff's contention, and plaintiff appeals to this court and urges as error:

"An award rendered by the Industrial Commission is void and its enforcement should be enjoined if there was no notice of the injury served upon the employer, if there was no notice given the employer by the Industrial Commission, or anyone else of the hearing upon the claim, and if a copy of the award was not furnished to the employer, as provided by the Workmen's Compensation Act."

The contention that the award is void and subject to injunctive relief because no notice of injury was served on plaintiff is without merit. In Consolidated Fuel Co. v. State Industrial Commission, 85 Okla. 112, 205 P. 170, this court held that such notice is not jurisdictional, and that in the absence of timely objection its omission cannot be set up as a defense. If, then, the plaintiff was a party to the proceedings before the Commission, the right to notice was either waived or adjudicated, and it cannot be raised in an equitable proceeding to enjoin enforcement of the award. Herbein v. Moore, 10 Okla. 317, 61 P. 1060; Ashton v. Board of Com'rs of Murray County, 58 Okla. 259, 158 P. 901; 34 C. J., Judgments, p. 454; Freeman on Judgments (5th Ed.) vol. 3, p. 2516.

Plaintiff's serious contention, and the one upon which the case at bar turns, is that no notice was given it, the employer, by the Commission or any one else of the proceedings before the Commission, that the Commission never had any personal jurisdiction of it, and that therefore the proceedings are void.

The trial court found as a fact that no notice of the claim or of any of the hearings was served upon the plaintiff, but found that the attorneys for the Southern Surety Company appeared and represented plaintiff throughout the proceedings, and concluded that they were authorized to do so by the terms of plaintiff's policy with that company.

The policy, among other things, provides:

"1. (a) To pay promptly to any person entitled thereto under the Workmen's Compensation Law and in the manner therein provided, the entire amount of any sum due. * * *

"2. To serve this employer * * * (b) upon notice of such injuries, by investigation

thereof, and by settlement of any resulting claims in accordance with law.

"3. To defend, in the name and on behalf of this employer, any suits or other proceedings which may at any time be instituted against him on account of such injuries, including suits or other proceedings alleging such injuries and demanding damages or compensation therefor, although such suits, other proceedings, allegations or demands are wholly groundless, false or fraudulent."

These words were written, and the contract entered into, by the parties in contemplation of the Workmen's Compensation Law. Under that law no valid settlement can be made except by a proceeding before the Commission in the manner provided by the statute. Texas Pacific Coal & Oil Co. v. Morrison, 148 Okla. 205, 298 P. 270. And the word "settlement" is broad enough to cover any manner of adjustment covered thereby. Thus, we think the provisions show that it was the intention of the parties to obligate the insurer to take charge of the matter "upon notice of such injuries" and conduct it to a final disposition. The third clause specifically provides that the insurer is "to defend, in the name and on behalf of this employer, any suits or other proceedings which may at any time be instituted against him on account of such injuries." It is contended by plaintiff that this clause constitutes an obligation and not an authority, and did not authorize the insurer, through its attorneys, to enter plaintiff's appearance in the proceedings and defend in its behalf so as to bind it personally by the award. Usually, no particular method or form of expression is essential to the creation of an agency, and the range of possible forms is ordinarily as wide as the domain of human action. Its creation rests in the intention of the parties. Mechem on Agency (2nd Ed.) vol. 1, p. 155; 2 C. J., Agency, p. 432, et seq. Bouvier's Law Dictionary defines an "obligation" as "a duty," and "authority" as "the lawful delegation of power by one person to another." It is thus evident that an obligation may contain an authority. The provisions of plaintiff's policy placed the insurer under a duty to proceed to a settlement "upon notice of such injuries," and to defend, "in the name and on behalf of this employer," proceedings "instituted against him on account of such injuries." No demand is required prior to action on the part of the insurer, and to hold such necessary would be reading words into the contract. It may be that the authority granted might have been withdrawn at any time, but such is the case ordinarily as between principal and agent, and the principal speaks too late if the act which binds him is executed. So, we think, and hold, that in the present case, the Southern Surety Company was authorized to bind plaintiff by acting for it in proceedings instituted before the State Industrial Commission under its duty to conduct the matter to a final adjustment. We think, also, and hold, that said company was authorized to enter plaintiff's appearance and act in its behalf so as to bind it personally under the third clause of the policy. Such authority is specifically granted provided a proceeding has been instituted. A proceeding is "instituted" before the State Industrial Commission by the filing of a claim for compensation therein. Section 13360, O. S. 1931; 7294, C. O. S. 1921. An opportunity to be heard, presupposing notice, is essential to the validity of an award. City of Guthrie v. Standley, 151 Okla. 72, 1 P. (2d) 678; Carstens v. Pillsbury (Cal.) 158 P. 218. And such opportunity is granted by said section, but it is clear that certain action may be taken by the Commission following the filing of the claim and before notice is necessarily required. The proceeding is in progress, instituted by the filing of the claim.

For the foregoing reasons, we are of the opinion that the judgment of the trial court was correct, and we therefore affirm the same.

Judgment affirmed.

RILEY, C. J., and OSBORN, BUSBY, and WELCH, JJ., concur. CULLISON, V. C. J., and ANDREWS, McNEILL, and BAYLESS, JJ., absent.