HOUSTON et al. v. SILVER et al.

*97 P. 2d 752.*

No. 29197.   Dec. 12, 1939.

Rehearing Denied Jan. 9, 1940.

L. N. Houston, Chas. B. McCrory, and A. L. Emery, all of Okmulgee, for plaintiffs in error.

R. E. Buckles, of Okmulgee, for defendants in error.

OSBORN, J. This action was instituted in the superior court of Okmulgee county by A. L. Emery, hereinafter referred to as plaintiff, against C. C. Silver, and R. E. Buckles, as guardian of C. C. Silver, an incompetent, hereinafter referred to as defendant. C. B. McCrory and L. N. Houston, whose interests are identical with plaintiff's, were named parties defendant, but for convenience will be hereinafter referred to as plaintiffs.

The plaintiffs are attorneys at law who had represented defendant Silver in certain extended litigation. The purpose of this action was to compel payment of their fees out of certain funds held by the defendant R. E. Buckles, guardian of defendant Silver. The trial court directed the payment of a small portion of the funds involved to the plaintiffs, and from that judgment plaintiffs have appealed.

It appears that in 1931, defendant Silver had a claim pending before the State Industrial Commission and employed plaintiffs to prosecute said claim. On December 30, 1931, the commission entered an award in favor of claimant for total permanent disability and fixed compensation in the amount of $9,000, payable at $18 per week. Thereafter the commission fixed the attorneys' fees at $900 and ordered that said sum be commuted and deducted from the end of the award.

Thereafter the Southern Surety Company, the employer's insurance carrier, became insolvent and was unable to pay the award. Plaintiffs thereupon instituted various proceedings in the district court of Tulsa county to compel payment by the Rucks-Brandt Construction Company, claimant's employer. This resulted in extended litigation involving an appeal to this court (Rucks-Brandt Const. Co. v. Price, 165 Okla. 178, 23 P. 2d 690) and an appearance before the Supreme Court of the United States. Plaintiffs were successful in fixing liability for payment of the award against the employer, but to this date they have been unable to collect any portion of the award from the employer. It is alleged that after plaintiffs had succeeded in establishing liability in this court, defendant became dissatisfied with their services and employed other counsel and thereafter filed various assignments amounting to more than $4,200 against the cause of action, thereby preventing a settlement or compromise of the award. It is further alleged that the Superintendent of Insurance of the State of New York took charge of the assets of the insurance carrier and it is now in the process of liquidation. On July 31, 1937, said Superintendent mailed to plaintiff a check for $599.65 and on October 23, 1937, another check for $299.83, both payable to claimant and plaintiff, A. L. Emery; that said checks had not been cashed and were in the possession of defendant. It is further alleged that in addition to the legal services performed in behalf of Silver, plaintiffs incurred actual expense in the sum of at least $250. The petition concludes as follows:

"That the defendants and each and all of them claim an interest in the said checks and the proceeds thereof, adverse to the claims of the plaintiff; and, therefore, the said defendants and each of them should be brought into this court and held to disclose whatever claim they, and each of them, may have in said checks and the proceeds thereof; and thereupon that the court determine all of the said conflicting claims and adjudge a disposition of the said checks and the proceeds thereof.

"Wherefore, plaintiff prays judgment of this court determining and allowing the respective claims of the parties in and to said checks now in the hands of plaintiff and the proceeds thereof; for his costs; and for such other and further relief as to the court may seem just and equitable."

The evidence presented in behalf of plaintiffs fairly sustains the allegations of fact contained in the petition. At the conclusion of the hearing the court entered its findings as follows:

"And the court, being fully advised, on consideration finds that the plaintiff, A. L. Emery, and cross-petitioners, C. B. McCrory and L. N. Houston, are entitled to an attorney fee aggregating $90 out of the proceeds of the checks described in the plaintiff's petition, the proceeds of which are now in the hands of the court clerk as per the terms and provisions of the stipulation as amended and on file and of record in this court. The court further finds that the order of the Industrial Commission of the state of Oklahoma dated March 4, 1932, was intended to allow an attorney fee of ten per cent. on any amount recovered and paid to the claimant therein, C. C. Silver, under and by reason of the award issued in favor of said claimant by said Industrial Commission; and the court further finds that said checks were not in fact payment of the last fifty weeks of the five hundred weeks' compensation awarded to said C. C. Silver, claimant, but that said funds were distributive portions or dividends paid out by the receiver of the said Southern Surety Company, respondent, in the liquidation of said surety company.

"The court further finds that the plaintiff herein, A. L. Emery, and cross-petitioners, C. B. McCrory, and L. N. Houston, are jointly entitled to only ten per cent. of the proceeds in the hands of the court clerk, being of the amount of $899.48, as a reasonable attorney fee on such amount.

"It is therefore ordered, adjudged and decreed by the court that the plaintiff, A. L. Emery, and cross-petitioners, C. B. McCrory and L. N. Houston, are entitled to ten per cent. of the said proceeds as attorney fees, and that the said C. C. Silver, defendant, is entitled to ninety per cent. of said proceeds."

For reversal of the cause plaintiffs' argument is presented under the following propositions:

"First. Did the court below have jurisdiction to alter or reduce the $900 attorney fees previously fixed and allowed by the Industrial Commission on March 4, 1932?

"Second. Assuming the trial court had jurisdiction of such subject matter, which appellants deny, was it warranted in reducing the fee from $900 to $90?"

It is conceded that this action is equitable in its nature, having for its purpose the distribution among the parties of the sum of $899.48, being the only cash which had ever been collected in the payment of the award of the Industrial Commission. Plaintiffs take the position in this court that their fee of $900 was reduced by the trial court to $90 and that the court was without jurisdiction to make such an order, since exclusive jurisdiction to fix attorney fees is in the Industrial Commission, and if the court had such jurisdiction, its order making such reduction was inproper under the proof in this case. We do not understand that the effect of the judgment of the trial court was to reduce the fees fixed by the commission. The purpose of this action was to enforce an equitable division of the sum of $899.48 among the parties hereto. The trial court, in weighing the equities of all parties, determined that the injured claimant was entitled to 90 per cent. of the amount and that the attorneys were entitled to 10 per cent. The amount awarded to the injured workman and to his attorneys is but a fraction of the compensation which is properly due each of them, but we cannot say that the conclusion of the trial court in fixing the equities of the parties in this case is contrary to the clear weight of the evidence.

The judgment of the trial court is affirmed.

BAYLESS, C. J., and RILEY, DAVISON, and DANNER, JJ., concur.