LEVINE et al. v. TEAL et ux.

No. 31304. Feb. 1, 1944.

*145 P. 2d 386.*

L. A. Winans, of Duncan, for plaintiffs in error.

Paul D. Sullivan, of Duncan, for defendants in error.

WELCH, J. The action was brought by the Teals, husband and wife, to cancel a mortgage in the form of a deed theretofore given to defendants on

plaintiffs' homestead. Defendants, by cross-petition, sought judgment against plaintiffs on alleged indebtedness and for foreclosure of the lien of the mortgage. Jury was waived and the cause tried to the court, resulting in judgment in favor of plaintiffs.

On appeal defendants contend that the judgment is contrary to the evidence and clearly against the weight of the evidence.

Essential and undisputed facts are that plaintiff Johnnie Teal was employed as a porter in defendants' department store for two or three years prior to April 3, 1940. On that day another employee surprised Johnnie attempting to steal a shirt. Johnnie was taken to see the store manager, who called the police. After an extended conversation with the store manager Johnnie admitted indebtedness to the store of about $800, covering merchandise taken in prior thefts, and executed the deed as security for repayment at $10 per month, and persuaded his wife to join in the conveyance.

The plaintiffs contend that Johnnie had not committed or attempted prior thefts; that the store manager charged him with so doing, threatened him with the penitentiary, reminding him that another colored boy had theretofore been sent to the penitentiary, and demanded that he sign the statement of indebtedness and execute the deed as security for repayment as the only way he could escape the penitentiary; that Johnnie was terrified and as thus intimidated signed the documents; that his wife, Earlie Mae Teal, joined in the conveyance only by reason of her fear that otherwise her husband would be sent to the penitentiary; that no other consideration passed to either of the plaintiffs for the signing of the conveyance.

It was contended by the defendants that Johnnie was in no manner threatened or promised immunity from prosecution, but that Johnnie voluntarily confessed his former thefts and of his own free will desired to pay for the merchandise taken and to secure installment payments with the deed.

If plaintiffs' evidence is taken as true, there was intimidation and duress and plaintiffs did not act voluntarily in executing the deed and the disposition of the cause is controlled by Samuels Shoe Co. v. Frensley, 151 Okla. 196, 3 P. 2d 216; Harris-Lipsitz Co. v. Oldham, 56 Okla. 124, 155 P. 865; Anderson v. Kelly, 57 Okla. 109, 156 P. 1167, Pendleton v. Greever, 80 Okla. 35, 193 P. 885, and Rice v. Victor, 97 Okla. 106, 222 P. 979. Further, if plaintiffs' evidence is true, there was no debt to defendants and fraud and lack of consideration are also shown.

The whole issue was one of fact. The trial judge observed and heard the witnesses. It was his authority and duty to pass upon the credibility of the witnesses and evaluate the evidence in the light of the demeanor of the witnesses and their manner of testifying and in consideration of the circumstances described. And we may not disturb the conclusion there reached unless we can say that the same was clearly against the weight of the evidence.

It is a well-established rule that in such cases we will not reverse on conflicting evidence. From an examination of all of the evidence, we cannot say that the trial court's conclusion was clearly against the weight of the evidence.

Defendants assert that the plaintiffs ratified the contracts and instruments herein, by letter subsequently written, and by making several payments thereon. This record does not show that the letter was written or the payments made after the removal of the duress present in the original transaction. On the contrary, the opposite conclusion is supported by the evidence, and therefore this record does not show ratification.

Affirmed.

CORN, C. J., GIBSON, V. C. J., and OSBORN, BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur, RILEY, J., absent.