THOMAS v. OWENS et al.

No. 34481. Feb. 19, 1952.

*241 P. 2d 1114.*

S. A. Denyer, Drumright, for plaintiff in error.

Joe Young, Chandler, for defendants in error.

PER CURIAM. The lower court plaintiff, Walter Owens, brought an action in the district court of Lincoln county to establish and foreclose a mechanics' and materialmen's lien against a preference right school land lease and improvements owned by E. L. Thomas, lower court defendant. Bill Story, defendant in the lower court, was an alleged tenant of the defendant E. L. Thomas. The case, as one of equitable cognizance, was tried to the court without a jury. Findings of fact and con-

clusions of law, in writing, were made by the court in accord with a motion made into the record, at the beginning of the proceeding, by the defendant E. L. Thomas. Defendant Thomas filed a cross-petition against the plaintiff, Walter Owens, for damages to buildings on the leasehold and for attorneys' fees incurred in the defense of the action to enforce and foreclose the lien. A cross-petition for delinquent rent, under the terms of the oral lease contract, was filed by the same defendant against his codefendant Bill Story. The court's findings and conclusions were in favor of the plaintiff, Walter Owens, and against both defendants. It is to reverse that judgment that the appeal herein is prosecuted.

An examination of the record shows that all parties appeared in person and by and through counsel and testified with reference to their participation in the transaction. A limited number of witnesses were called to either support or rebut the conflicting sworn versions of the parties who opposed each other. At the conclusion of the evidence there were certain facts established which were not seriously controverted. They indicated that the defendant E. L. Thomas owned a preference right lease on a certain tract of school land in Lincoln county; the leased premises had some improvements on them, including a barn belonging to the defendant Thomas; the defendant Thomas permitted the defendant Bill Story to take possession of the controverted premises under an oral lease; after the defendant Story took possession of the leased premises some considerable amount of material was moved in and work was done constructing partitions, and an amphitheatre arrangement of bleacher seats, in the barn on the leased premises; the plaintiff, Walter Owens, was a carpenter by trade; the plaintiff, Walter Owens, procured the building material, caused it to be moved onto the leased premises, and either paid for it or became liable to the producers for such payment; payment in full for the material and labor

was not received by the plaintiff, Walter Owens, after the material was moved in and the structure was erected; after the structure was completed and before the plaintiff's action was filed, the building wherein the boxes and seats were erected was used for chicken fights, and to accommodate spectators who paid admission to see the fights; after the structure was complete the plaintiff, Walter Owens, filed a verified lien statement with the court clerk of the county claiming that the defendants Thomas and Story owed him $1,004.40 on account of "work, labor and material".

There was complete disagreement between the parties and their witnesses on certain definite points. These highly controverted points might be classified, or summarized, in these terms: The plaintiff, Walter Owens, contended that the defendant E. L. Thomas, owner, and Bill Story, the leasehold tenant, employed him to do the work "as Story wanted it done"; the defendant E. L. Thomas denied that he authorized any work whatever, and denied that he had ever seen the plaintiff before he came into the courtroom; the defendant E. L. Thomas denied that the leased premises were let to the defendant Story for building a chicken pit or that he knew chicken fighting was conducted on the premises; the defendant Story contended that Thomas authorized the construction and stood to participate in the proceeds, knowing from the beginning that a chicken pit was to be operated in the building on the leased premises.

Defendant Thomas, after findings and judgment were entered, filed a motion for new trial and for judgment notwithstanding the findings of fact and conclusions of law by the court. He bases his appeal from five separate propositions, or contentions of error, consolidated from numerous suggested specifications of error as contained in his petition in error.

A contract founded on an illegal consideration, or which is made for the purpose of furthering any matter or

thing prohibited by statute, or to aid or assist any party therein, is void, and such a contract will not be enforced by the courts of the state. Hamilton v. Cash, 185 Okla. 249, 91 P. 2d 80. However, plaintiff did not need to rely on any illegal contract to recover. All he was required to prove was the value of materials and of his labor and his contract therefor. The rule is that if a party need not rely on an illegal contract in order to recover, the defendant may not set up illegality as a defense. Columbia Insurance Co. v. Board of Education, 185 Okla. 292, 91 P. 2d 736; Martindale v. Shaha, 51 Okla. 670, 151 P. 1019.

Even in absence of the above rule, plaintiff may recover, for clearly his contract was collateral to any illegality. Kelly v. Courter, 1 Okla. 277, 30 P. 372, cited by defendant in his brief, is not here in point. In that case both parties to the contract involved were participating in the illegal transaction. Plaintiff here was merely building a structure for defendant. As an eminent author has stated:

"An action for clothes sold to a prostitute or for washing her apparel cannot be defeated merely by showing that the plaintiff was aware of the defendant's situation, although from the nature of the articles the plaintiff might have known the object and purpose for which they were intended." Chitty Contracts, §735 et seq.

To the same effect see Michael v. Bacon, 49 Mo. 474, 8 Am. Rep. 138. The trial court, with an opportunity to observe the witnesses as they testified, found at a conclusion of the evidence that the plaintiff was not a participant in any illegal venture at the beginning and did not involve himself in any way in the venture after it was completed, so as to become identified as an actual party to any illegal venture. The trial court's findings on this point should not be disturbed on this review. The rule allowing for discretion in such cases is properly stated in Levine v. Teal, 193 Okla. 495, 145 P. 2d 386.

The defendant Thomas complains in his proposition IV that the court committed error in failing to make sufficiently clear and comprehensive findings of fact and conclusions of law. The court's findings were not as detailed or complete in text as were those submitted and requested by the defendant who appeals. However, it would appear that the court's findings and conclusions generally covered the material points in controversy. The court found that the defendant Thomas was the owner of the lease, that the defendant Bill Story was his tenant, and that between certain dates the plaintiff performed labor and furnished material in remodeling a building on the leased premises. It was specifically found that the work was performed and the material was furnished with the knowledge and consent of the defendant E. L. Thomas. It was then found, as a matter of fact, that the remodeled building was used as a chicken pit where fights were conducted. The court specifically found that the plaintiff, Walter Owens, had no control over nor interest in the building used as a chicken pit, that he filed his lien "in due time" and was entitled to a lien in an amount which corresponded with the figure in his previously filed verified lien statement. It was specifically found that compliance with the Oklahoma Intangible Tax Law had been made by the plaintiff insofar as his account, and lien, was concerned. Then, as a conclusion of law, the court specifically found that the defendant Bill Story, the tenant, conducted the illegal chicken fights on the controverted premises "with the knowledge and consent of the defendant Thomas", that such illegal acts could not be charged to the plaintiff so as to bar his right to recover for his labor and materials, and that as a matter of law the plaintiff was entitled to a lien upon the building under the oral contract made with the defendants, Bill Story and E. L. Thomas.

A party is not entitled to a specific finding of fact, or conclusion of law, upon every point which he may request.

Kilgore v. Stephens, 159 Okla. 119, 14 P. 2d 690. A trial court is not required to make specific findings of fact and conclusions of law in the form as submitted and requested by a party, but is merely required to state its findings of the material and controlling facts separately from the conclusions of law. Bradford v. Mayes Mercantile Company, 89 Okla. 31, 213 P. 743. If a court makes findings of fact and conclusions of law on the vital issues, sufficient to serve as a basis for the judgment rendered, a contention that the court refused to make findings of fact and conclusions of law, or a contention that the court refused to make adequate findings of fact and conclusions of law, is without merit. Black, Sivalls & Bryson v. Farrell, 131 Okla. 249, 268 P. 276. Considering the findings and conclusions of the court in this case, in proper relation to the evidence in the record, it would not appear that the court erred, or that any party suffered detriment or prejudice by and through the court's brief findings and conclusions. The material points involved were passed upon, either directly or by inference, in the findings and conclusions.

Where the testimony was in complete disagreement the court was required to find a preponderance and resolve it one way or another. When it found the plaintiff, Owens, entitled to his lien, and under no legal disability to be deprived of it, the finding was made, necessarily and by inference, against the defendant Thomas on his cross-petition for attorneys' fees. The judgment on that point is based upon adequate evidence in the record and should not be disturbed. When the specific findings were made that Story was conducting an illegal venture upon the leased premises with the full knowledge of the defendant Thomas, and the defendants contracted with plaintiff for building the structure, sufficient findings were made to justify the denial of the cross-petition by Thomas against Story for delinquent rent because of Thomas' participation in the venture.

As the record would indicate, the defendant Story was not in default, but was in court "for all purposes" when he made his appearance at the trial.

A motion to make more definite and certain is addressed to trial court's discretion and an order overruling same does not amount to reversible error in the absence of abuse of discretion. Oklahoma City v. Banks, 175 Okla. 569, 53 P. 2d 1120; Ramsey Oil Co. v. Dunbar, 172 Okla. 571, 46 P. 2d 535. An examination of the record in this case does not disclose any material detriment resulting from the court's ruling on pleadings, before the issues were made up, or any abuse of discretion in making the order.

In an action of equitable cognizance, such as this, a presumption of propriety goes with the trial court's findings, and such findings will not be set aside on appeal unless they are clearly against the weight of the evidence. Williams v. Downing, 185 Okla. 633, 95 P. 2d 612; Houston v. Silver, 186 Okla. 326, 97 P. 2d 752. This court will weigh and consider the evidence in the entire record in such cases, but unless it appears that the trial court's judgment is against the clear weight of the evidence, its finding will not be disturbed. McCubbins v. Simpson, 186 Okla. 417, 98 P. 2d 49.

A careful examination of the entire record in this case fails to reveal any material holding by the trial court which would suggest that it was inclined to abuse its discretion. On the other hand, there appears to be sufficient testimony to support the findings and conclusions which were made at the conclusion of the trial. That being the situation the judgment of the court is accordingly affirmed.

This Court acknowledges the services of Attorneys Howard K. Berry, E. W. Bill Brown, and Calvin Boxley, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Ju-

dicial Council, and appointed by the Court.

HALLEY, V. C. J., and CORN, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.