Haskell LEMON, Plaintiff in Error,

v.

Joe S. MONTGOMERY and Arthur L. Hendrickson, Defendants in Error.

No. 36676.

Supreme Court of Oklahoma.

Sept. 27, 1955.

G. Dixie Colbert, Holmes H. Colbert, Sulphur, for plaintiff in error.

James V. Whitley, Paul D. Sullivan, Duncan, for defendants in error.

PER CURIAM.

The plaintiff in the trial court, J. H. Newcomb, filed an action to dissolve the partnership between himself and A. Layton and William A. Layton, Jr. In this suit Haskell Lemon, Joe S. Montgomery and Arthur L. Hendrickson were made parties defendant as claiming some interest in the partnership assets. Prior to the formation of the partnership involved in this lawsuit, A. Layton, his son, William A. Layton, Jr., Montgomery and Hendrickson were partners in the Layco Mining and Milling Company. During this partnership Lemon alleges in his cross-petition that he sold certain equipment to A. Layton on behalf of the partnership and that the note and mortgage involved in this appeal were executed by Layton as a partnership obligation. The issue presented by the appeal is limited to the rights and obligations of the parties as a result of the execution of the note and mortgage by A. Layton to Lemon.

The note and mortgage are signed by A. Layton as an individual and do not show to have been executed as a partnership obligation. The property covered by the mortgage was suitable for use by Layco Mining Company in its operation and was actually delivered to the location of the mine. A. Layton was the manager of the business. Lemon learned of their business and went to the partners and offered to sell them the machinery. No agreement of purchase was reached on this occasion. In two or three days, A. Layton and Mont-

gomery came to Lemon and went with him to examine the machinery on his property. The next day A. Layton and Lemon met in an attorney's office and the note and mortgage were prepared and signed. The other partners were not present. Thereafter the property was delivered to the mine. The testimony concerning the sale of the equipment and whether it was ever used by the partnership in its operation of producing calcite is in sharp conflict. There is testimony reasonably tending to support the contentions of each party. A. Layton and his son, William A. Layton, Jr., were not available to testify.

Generally a partnership is not liable on a loan made to one partner solely on his credit even though he uses the money for the partnership. But the fact that the note was signed by the partner, individually, while a circumstance to be considered in determining the intention of the parties does not relieve the partnership of liability if the partner had authority to bind the firm and the action was taken with this intent and was so accepted. Smith v. Stock Yards Loan Co., 186 Okl. 152, 96 P.2d 55; Helmerich & Payne, Inc., v. American Nat. Bank of Shawnee, 195 Okl. 318, 157 P.2d 168.

After the introduction of the note and mortgage, not purporting to be a partnership obligation, it was the appellants burden to prove that these instruments, in fact, represented a partnership obligation or that, if not an authorized transaction, it was ratified and accepted by the partners. Helmerich & Payne, Inc., v. American Nat. Bank of Shawnee, supra.

As stated before, the testimony was in sharp conflict. The trial court found "the issues herein as between the defendant, Haskell Lemon and said defendants in favor of said defendants and against said Haskell Lemon." This general finding contemplates a finding on every issue necessary to sustain the court. American Casualty Co. of Reading, Pa. v. Blevins, 203 Okl. 405, 223 P.2d 347.

The questions were ones of fact. The trial judge observed the witnesses and heard their testimony. It was his duty to pass upon the credibility of the witnesses and evaluate their evidence in the light of his observations and the circumstances described. It is well settled that in such cases we will not reverse the case on conflicting evidence. Levine v. Teal, 193 Okl. 495, 145 P.2d 386. We have reviewed all of the evidence in this case, and we cannot agree with the contention that there was no evidence to support the judgment. Givens v. Western Paving Co., Okl., 261 P.2d 450. Nor was the judgment against the clear weight of the evidence. Jenkins v. Abercrombie, 204 Okl. 213, 228 P.2d 657; Hill v. Hill, 202 Okl. 483, 215 P.2d 553.

Some mention is made by plaintiff in error that the court erred in admitting certain evidence. However, our attention is not directed to any specific evidence or ruling by the court nor is any authority cited to sustain this suggestion. This case was tried to the court who was able to weigh the evidence and disregard incompetent or inadmissible testimony, and it is presumed that he decided the case on competent and credible evidence. Lee v. Pierce, 112 Okl. 212, 239 P. 989; First State Bank of Nobel v. McKiddy, 206 Okl. 57, 240 P.2d 1103.

Finding no reversible error, the judgment is affirmed.

WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner James H. Nease and approved by Commissioners J. W. Crawford and Jean R. Reed, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.