HORTON INSURANCE AGENCY, INC., Appellee,

v.

Kent ROBINSON, Appellant.

No. 73326.

Court of Appeals of Oklahoma, Division No. 3.

Aug. 6, 1991.

Rehearing Denied Sept. 17, 1991.

Certiorari Denied Jan. 29, 1992.

*stare decisis* to accept the "totality of the circumstances" test adopted in *Langham.*

J. Angela Ables, Michael D. Coleman, Oklahoma City, for appellee.

Robert L. White, Oklahoma City, for appellant.

## MEMORANDUM OPINION

JONES, Judge:

This appeal from summary judgment appears to be a case of first impression in this jurisdiction involving the interpretation of 36 O.S.1983 § 1427, set forth in its entirety as an addendum to this opinion. The Appellee, Horton Insurance Agency, Inc., filed a petition in District Court asking for enforcement of an oral agreement between Horton and the Appellant, Robinson. The court sustained a Motion for Partial Summary Judgment on the issue of liability and a second summary judgment on the amount of damages. The court awarded $6,015.74 plus attorney fees to Horton.

On appeal, Robinson asks whether the District Court erred by granting summary judgment on the issue of liability; whether it improperly granted summary judgment on the issue of damages prior to the fifteen (15) day time limit in Rule 13, Rules for District Courts; and, whether the award of attorney fees was contrary to the mandate of 12 O.S.1981, § 936. We hold that the District Court properly granted summary judgment in both instances, and that attorney fees were justified.

The record shows that Horton Insurance Agency, Inc., acting through its President, Richard Horton, and Kent Robinson were both licensed insurance agents. Robinson was an exclusive agent for Farmers Insurance Group, and Horton enjoyed a consulting arrangement with Brentwood Financial Corporation. Because Horton did not have direct access to policies issued by Farmers, he agreed to channel the Brentwood business through Robinson in exchange for fifty percent of the commission that Robinson would receive from Farmers. In a separate agreement with Brentwood, Horton negotiated a brokerage fee for placement of Brentwood's policies with Farmers. As agreed, Horton received a check for $24,-457.00 as payment in full from Brentwood, but received nothing from Robinson.

Horton initiated the instant lawsuit on May 27, 1987, to recover his share of the commission from Robinson. Robinson claims that he is excused from paying for the client referral because the agreement which Horton sought to enforce was made in violation of 36 O.S.1983 § 1427. After a determination that the Statute contained no prohibition against the enforcement of the agreement between Horton and Robinson, the District Court entered partial summary judgment on the issue of liability. A second partial summary judgment on the issue of damages was entered on April 6, 1989. Although Horton originally asked for a larger amount, he agreed to judgment for minimal damages of $6,015.34, on the understanding that the additional amount would be reserved for determination at a later hearing. Final summary judgment was entered in favor of Horton on May 3, 1989, in the lesser amount of $6,015.74 plus, attorney fees. It is from this judgment that Robinson appeals.

I

Whether the District Court properly entered summary judgment depends on whether there were any material facts in dispute. The materiality of disputed facts must be viewed in light of the Court's interpretation of 36 O.S.1983 § 1427. We find that the Statute does not govern the agreement between Horton and Robinson. Therefore, any evidence tending to prove or disprove a violation of the Statute is irrelevant to resolving the present litigation. For example, the questions of whether Horton violated a fiduciary duty to Brentwood by concealing evidence of the commission which Robinson owed him, or the court's refusal to consider evidence of a "bogus" back-dated agreement are not dispositive of the issues in this case. Because the purpose of the Statute is for the protection of the insured, any infractions thereof would necessarily be tried in a separate

lawsuit initiated by Brentwood. Robinson has no standing to object to Horton's alleged non-compliance with the Statute. Accordingly, whether Brentwood waived its rights by entering into a subsequent memorialization of a prior oral agreement, or any other evidence relating to the relationship between Horton and Brentwood will not be considered by this Court. Nonetheless, the Statute, 36 O.S.1983 § 1427(I), does not require the unlicensed consultant to offset his client's fee by the amount of the commission, but merely provides that option to him.

■ This lawsuit is between two licensed agents. Title 36 O.S.1983 § 1427 applies to transactions involving persons acting in a consulting capacity and not to those acting as licensed agents. Because the licensed agent is both exempt and prohibited from being concurrently licensed as a consultant under 36 O.S.1983 § 1427(A)(2) and (D), special provisions in the Statute govern the rights and responsibilities of licensed agents acting as consultants to their clients. Subsections C and H, which apply to licensed consultants, also impose certain contractual and fiduciary duties upon the un-licensed consultant under the provisions of 36 O.S.1983 § 1427(I).

■ Contrary to Appellant's argument, Subsection E applies only to the "licensed consultant" and not the "licensed agent who holds himself out to be a consultant". This section narrows the scope of the licensed consultant's activities and prohibits him from charging a fee to an agent. The licensed agent acting as a consultant is not so restricted because his activities do not fall under the purview of Subsection E. Horton is therefore not precluded by Statute from receiving both a consulting fee from Brentwood and a Commission from Robinson. Absent the Statute, the instant lawsuit must be resolved as a suit for breach of contract, and any controverted facts must relate to those issues which tend to prove or disprove the existence of a breach.

## II

■ This leaves for consideration the question of whether the District Court abused its discretion in finding that Robinson breached the terms of his contract with Horton. A valid and enforceable contract requires an offer, acceptance, and consideration. *National Outdoor Advertising Co., v. Kalkhurst,* 418 P.2d 661 (Okl.1966). A breach of performance by one party gives rise to a cause of action for breach of contract by the other.

■ Appellant argues that his contract with Horton was based on illegal consideration in the form of the allegedly invalid agreement between Horton and Brentwood. Appellant relies upon the case of *Thomas v. Owens,* 241 P.2d 1114, 206 Okl. 50 (1952) which held that a contract founded on illegal consideration or which is made for the purpose of furthering any matter prohibited by Statute will not be enforced by the Courts of this state. Id. 241 P.2d at 1117. However, the facts in the case at bar do not show that the subject contract was made for the purposes of furthering something illegal, or that consideration was illegal, as discussed above.

Based on the pleadings, affidavits and evidence contained in the record, it is clear that Robinson accepted the benefits of Horton's performance and that Horton thereby suffered detriment. This is the form of valid consideration defined by the Court in *State ex rel. Derryberry v. Kerr McGee Corp.* 516 P.2d 813 (Okl.1973). Under the holding in *Webster v. Woods,* 586 P.2d 337, 339 (Okl.App.1978), the District Court fulfilled its function to give effect to the consensual agreement of the parties, and since the record clearly shows that Robinson did not adhere to his side of the bargain, the Court correctly rendered summary judgment.

## III

■ Appellant also argues that the District Court improperly entered summary judgment prior to the fifteen (15) day rule in violation of Rule Thirteen, Rules for District Courts. At the pre-trial confer-

ence on April 6, 1989, Appellant conceded that no controverted facts existed on the issue of minimal damages, but he asked leave of court to present legal issues. The Court declined and entered summary judgment in favor of Appellee. Appellant argues that the court should have allowed him to present legal issues even though no material facts existed. Appellant cites no legal authority for his position. Rule 13 allows fifteen days to an adverse party for the presentation of the material facts which are in controversy. However, because the Appellant stated in the presence of the Court on April 6, 1989, that no controverted facts existed with respect to the issues presented, the court was within its discretion to deny legal argument and enter judgment as a matter of law without waiting for the expiration of fifteen days. If no controverted facts relating to material issues in the case are shown, summary judgment may be entered by the Court. See *Flanders v. Crane Co.*, 693 P.2d 602 (Okl.1984). Further, Rule 13(f) allows the Court to decide a Motion for Summary Judgment without a hearing. Because both parties agreed that the minimum amount which Robinson owed to Horton was $6,015.24, summary judgment setting damages was properly granted, and judgment on this issue is affirmed.

### IV

In his fourth point of error, Appellant claims the District Court erred in finding that Horton was entitled to an attorney fee under 12 O.S.1981 § 936 because there was no contract for services. Similarly, the Appellant in *Bentley v. Hardin*, 577 P.2d 471 (Okl.App.1978) argued that activities of a real estate broker do not fall under the phrase "contract for labor or services". The Court disagreed, reasoning that "services" included the activities of a broker and could not be limited to manual labor. Id. at 475. The act of Horton in providing the Brentwood business to Robinson is the act of a broker which is controlled by the holding in *Bentley*. We find that Horton did provide a service to Robinson as defined in 12 O.S.1981 § 936. Attorney fees are allowed by Statute. Section 936 authorizes recovery of attorney fees where recovery is sought for labor or services, as in the case of failure to pay for them. *Holbert v. Echeverria*, 744 P.2d 960 (Okl.1987).

We find that the oral agreement between Horton and Robinson was a distinct and separate agreement from the one between Horton and it's client, Brentwood. It was not based upon illegal consideration and is valid and enforceable. Title 36 O.S.1983 § 1427 is not applicable to the contractual agreement between Horton and Robinson, nor does it operate to prohibit a licensed agent who holds himself out to be a consultant from collecting both a fee and a commission in the same transaction. The Appellee was in breach of a contract for services. Both the award of damages and of attorney fees under 12 O.S.1981 § 936 were just and proper.

Judgment AFFIRMED.

HUNTER, C.J., and HANSEN, P.J., concur.

### ADDENDUM TO OPINION
### CASE NO. 73,326

§ 1427. **Insurance consultant's license; exemptions; application; examination and investigation; work agreements; persons eligible; term; denial, revocation or suspension; client loyalty; reciprocity**

A. No person shall act as, or hold himself out to be, an insurance consultant until a license as an insurance consultant has been issued to him by the Commissioner. However, no insurance consultant's license shall be required of the following:

1. Attorneys licensed to practice law in this state acting in their professional capacity; or

2. A duly licensed insurance agent or surplus lines insurance broker; or

3. A trust officer of a bank acting in the normal course of his employment; or

4. An actuary or a certified public accountant who provides information,

recommendations, advice, or services in his professional capacity.

B.   An application for a license to act as an insurance consultant shall be made to the Commissioner on forms prescribed by the Commissioner.   Within a reasonable time after receipt of a properly completed application form, the Commissioner shall hold a written examination for the applicant, and may conduct investigations and propound interrogatories concerning the qualifications of the applicant, the residence, business affiliations, and any other matter which he deems necessary or advisable to determine compliance with the provisions of the Insurance Agents Licensing Act or for the protection of the public.

C.   In advance of rendering any service as an insurance consultant as defined in the provisions of Section 1422 of this title, a written agreement on a form approved by the Commissioner shall be prepared by the consultant, and shall be signed by both the consultant and the client.   The agreement shall outline the nature of the work to be performed by the consultant and shall state his fee for the work.   The consultant shall retain a copy of the agreement for not less than three (3) years after completion of the services and shall make said copy available to the Insurance Commissioner upon request by the Insurance Commissioner.

D.   No individual may concurrently hold a consultant's license and a license as an insurance agent, surplus lines insurance broker, or limited insurance representative.

E.   No licensed consultant in the performance of activities as a consultant may employ, be employed by, be in partnership with, or receive any remuneration whatsoever from, any licensed insurance agent, surplus lines insurance broker, limited insurance representative, or insurer.

F.   A license to act as an insurance consultant shall be valid for not longer than twelve (12) months and may be renewed annually.

G.   All requirements and standards relating to the denial, revocation, or suspension of an insurance agent's license, including penalties, shall apply to the denial, revocation, and suspension of an insurance consultant's license to the extent practicable.

H.   A consultant is obligated by the terms of his license, to serve with objectivity and complete loyalty the interests of his client alone;   and render to his client such information, counsel, and service as, within the knowledge, understanding, and opinion, in good faith, of the licensee, best serves the client's insurance needs and interests.

I.   A duly licensed insurance agent or surplus lines insurance broker who acts as, or holds himself out to be, an insurance consultant pursuant to the exemption from licensing as a consultant contained in the provisions of subsection A of this section shall nonetheless be subject to the provisions of subsections C and H of this section.   However, nothing in this title shall prohibit the offset, in whole or in part, of the fee payable pursuant to the provisions of subsection C of this section by compensation otherwise payable to said duly licensed insurance agent or surplus lines insurance broker for acting as an agent or broker.

J.   A nonresident of this state may be licensed as an insurance consultant without taking a written examination if the Commissioner of the state of residence of the applicant certifies by facsimile signature and seal that the applicant has passed a similar written examination for, or has been a continuous holder prior to the time said written examination was required of, a license similar to the license for which application is being made in this state.

K.   Whenever, by the laws or regulations of any other state or jurisdiction, any limitation of rights and privileges, conditions precedent, or any other requirements are

imposed upon residents of this state who are nonresident applicants or licensees of such other state or jurisdiction in addition to, or in excess of, those imposed on nonresidents pursuant to the provisions of the Insurance Agents Licensing Act, the same requirements shall be imposed upon such residents of such other state or jurisdiction.