RICE, Trustee, v. VICTOR et al.

No. 14699—Opinion Filed Jan. 29, 1924.

**1. Contracts—Mortgages—Invalidity — Duress.**

A free consent of the parties and voluntary meeting and blending of their minds is necessary to the validity of a contract, and a contract executed as a result of duress or menace is voidable. Where, solely by reason of threats made for that purpose, a son is impelled through fear of impending prosecution of his father to execute a note and mortgage evidencing and securing the debt of the father, such instrument may be avoided on the ground of menace.

**2. Same—Sufficiency of Evidence.**

Evidence examined, and held to sustain the judgment.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, McClain County; A. C. Barrett, Judge.

Action brought by C. T. Rice, trustee for Crawford, Hutton & Breipohl, and Crawford, Hutton & Breipohl, against Wilson Victor, Gum Brothers Company, and First National Bank of Lindsay, Okla., for the foreclosure of a real estate mortgage. Judgment was rendered in favor of the defendants, and the plaintiffs have appealed to this court. Affirmed.

C. T. Rice and Glasco & Glasco, for plaintiffs in error.

Bond, Melton & Melton, for defendants in error.

Opinion by DICKSON, C. The parties will be referred to in this opinion as plaintiff and defendant, as they were designated in the trial court.

This action was brought by the plaintiff C. T. Rice, trustee for Crawford, Hutton & Breipohl, a corporation, against Wilson Victor, on a promissory note for $3,840, interest and attorney's fees, and to foreclose a mortgage executed by said defendant securing the payment of said promissory note. The defendant answered, admitting the execution and delivery of the note and mortgage sued on; but alleged that said note and mortgage were not valid and binding obligations, for the reason that they were made, executed, and delivered by him without consideration, and under duress and coercion, and by reason of threats and fraudulent representations on the part of the plaintiff; that one E. L. Victor, the father of the defendant, was, at the time of the execution of said note and mortgage, indebted to the plaintiff in a large sum of money, which was evidenced by certain promissory notes, which notes were secured by a chattel mortgage executed by said E. L. Victor and another to the plaintiff, covering 92 head of cattle; that the plaintiff, in order to induce the defendant to execute the note and mortgage sued on, represented to the defendant that said E. L. Victor had been guilty of disposing of mortgaged property, and that unless the amount of the indebtedness of said E. L. Victor was paid to the plaintiff or secured, the plaintiff would cause E. L. Victor to be prosecuted for unlawfully disposing of said mortgaged cattle; that the defendant believed said statements to be true, and believing that his said father was in danger of prosecution if said indebtedness was not satisfied, and being desirous of preventing such prosecution, executed and delivered the said note and mortgage, for the sole purpose of preventing plaintiff from prosecuting said E. L. Victor; that said consideration was against public policy and void. And prayed that said note and mortgage be canceled and held for naught.

The case was tried on the 13th day of March, 1923, resulting in a verdict and judgment in favor of the defendant. The plaintiff has appealed to this court and assigns as error that the verdict of the jury and judgment of the court is not sustained by sufficient evidence and is contrary to law. The evidence on the part of the defendant was ample to warrant the jury in rendering the verdict.

The defendant testified, in substance, that Mr. C. T. Rice, who, it is admitted, was the representative of the plaintiff, told him that unless he, the defendant, paid or secured the indebtedness of his father, his father would be prosecuted for disposing of mortgaged property; that before the defendant in this case was approached by the said Rice, a warrant had been issued at Rice's instance upon a complaint sworn to by himself for J. W. Cecil, the partner of said E. L. Victor, the complainant, charging that the said E. L. Victor had unlawfully disposed of said mortgaged property. This criminal proceeding was commenced on August 19, 1922, and a short time thereafter the defendant was informed by the said Rice that this indebtedness must be paid or secured or the father of the defendant would likewise be prosecuted. It seems that the only purpose in the prosecution of Cecil was to create a potential warning to the defend-

ant in this case. The defendant testified that Rice called his attention to the fact that Cecil had already been arrested, and the defendant's father would be prosecuted unless the note and mortgage were made, and that he executed the note and mortgage in order to prevent such prosecution of his father. The testimony of the defendant was corroborated by his father and brother, and all of the circumstances of the case go to show, in our judgment, that the note and mortgage in suit were extorted from this defendant by means of holding up before him the danger, disgrace, and notoriety of the prosecution of his father. It appears from the record that as soon as this note and mortgage were obtained from the defendant, the plaintiff lost further interest in the prosecution of J. W. Cecil. It is true that the plaintiff's evidence contradicts the evidence of the defendant.

The witness Rice, on behalf of the plaintiff, testified that he did not threaten to prosecute the defendant's father; that he was asked by the defendant if he intended to prosecute E. L. Victor, and that his answer was that he wanted his money.

The trial court and the jury, having seen and heard all of the witnesses, disbelieved that of the defendant. There was ample evidence to support the verdict and judgment. The only question of fact to be determined in a case of this character is whether or not the defendant was moved and induced to execute the instrument sued on by reason of threats of prosecution. And as said in Anderson v. Kelley et al., 57 Okla. 109, 156 Pac. 1167:

"No arbitrary standard can be fixed in determining what in fact constitutes duress or menace in any given case, for what would accomplish that result in one instance might totally fail in another."

A threat to accuse the defendant or any relative or member of his family of any crime and thereby obtain anything of value from the defendant amounts to extortion under sections 2133-34, Comp. Stat. 1921, And a contract procured by such means is against public policy and void. Pendleton et al. v. Greever, 80 Okla. 35, 193 Pac. 885; Britton et al. v. Lombard, 52 Okla. 41, 152 Pac. 590; Anderson v. Kelley et al., supra; Harris-Lipsitz Company v. Oldham, 56 Okla. 124, 155 Pac. 865; Pickenbrock v. Smith et al., 43 Okla. 585, 143 Pac. 675.

Finding no error of record, we recommend that the judgment appealed from be affirmed.

By the Court: It is so ordered.