## KOPP v. FINK.

No. 34144. May 29, 1951.

*232 P. 2d 161.*

Amos J. Nichols, Tulsa, for plaintiff in error.

Hickman & Hickman, Tulsa, for defendant in error.

JOHNSON, J. The parties herein occupied reverse relative positions in the trial court and hereafter they will be referred to as they there appeared.

The plaintiff instituted this action on the 10th day of November, 1948. The pertinent allegations of this petition were:

### I.

"That at Tulsa, Oklahoma, on November 1, 1948, the defendant, for a valuable consideration, made, executed, and delivered to the plaintiff a certain check or order for the payment of money, drawn by the defendant upon The First National Bank and Trust Company of Tulsa, Oklahoma, for the payment to the order of the plaintiff of the sum of Six Hundred ($600.00) Dollars. That a full, true, and correct copy of said check is attached hereto, marked Exhibit 'A' and made a part hereof. That within a reasonable time thereafter and on the 3rd day of November, 1948, the plaintiff deposited said instrument to his credit in the National Bank of Tulsa, Oklahoma, which latter bank duly presented for payment the said check to The First National Bank and Trust Company of Tulsa, Oklahoma, on or about the 5th day of November, 1948. That payment of said check was refused by the drawee bank because the defendant had stopped payment thereon prior to the time the same was presented for payment, and said check was returned to the plaintiff unpaid.

## II.

"That no part of said indebtedness represented by said check has been paid, the plaintiff is still the owner and holder of said check.

"Wherefore, plaintiff prays judgment against defendant for the sum of $600.00, with interest at six percent per annum from November 1, 1948, and for the costs of this action."

Exhibit "A", attached to the petition, reads:

"Tulsa, Okla. Nov. 1, 1948.

"No.------------------------

"The First National Bank
and Trust Company

"pay to the order of
Charles E. Fink------------$600 No/100

------Six Hundred------no/100------Dollars

"HATTIE M. KOPP

"Payment Stopped
"Endorsed: Charles E. Fink"

Thereafter, a motion to make more definite and certain was filed by the defendant in the following particulars:

"1. By stating the consideration, if any, for the alleged indebtedness which it is claimed by the plaintiff is evidenced by the check described in plaintiff's petition.

"2. By stating in full the facts, circumstances, conditions and conversation in connection with which the check described in plaintiff's petition is claimed to have been issued by the defendant and delivered to the plaintiff."

The motion was overruled, whereupon the defendant thereafter filed a demurrer to the petition on the grounds that it did not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant which was overruled.

The defendant filed an answer which, omitting the caption, reads as follows:

"Comes now the above named defendant, Hattie M. Kopp, and for this her answer to the petition of the plaintiff, Charles E. Fink, denies each and every, all and singular, the allegations contained therein except those hereinafter specifically admitted.

"By way of further answer to the petition of the plaintiff filed herein and admits the execution of the said check at the time and for the amount stated; and alleges further, that at the time the same was executed that the agent, servant and employee of the said plaintiff, Mrs. Charles E. Fink, represented to this defendant that it was for a note and mortgage which was valid and subsisting and collectible and that this defendant executed same upon the representations of the said Mrs. Charles E. Fink, the agent, servant, and employee of the plainitff herein, that the said note and mortgage was valid and enforceable; that on the contrary the said note and mortgage was wholly worthless and unenforcible and that thereafter this defendant discovered the same to be barred by the Statute of Limitations and that she stopped payment on the same; that by reason of the foregoing facts the consideration of said written contract has wholly failed.

"For further answer to the petition of the plaintiff filed herein defendant alleges and states: that the execution of the alleged writing, towit: a check, set forth in plaintiff's petition, was obtained from the defendant by the said plaintiff, by fraud, circumvention and misrepresentation, and denys emphatically that the same was given for a valuable consideration and alleges that there was a failure of consideration and would show the following facts in support of the said allegation, as follows:

"That on the 3rd day of May, 1927, she and her husband, George E. Kopp, executed a note for $500.00; that to secure the said note there was a real estate mortgage placed on Lot 3, Block 1, *Henlry* Addition to the City of Tulsa, Tulsa County, Oklahoma. The same was filed for record on May 16, 1927. This defendant would further show to the court that the note above referred to was due one year after the date thereof, to-wit: May 3, 1928. Defendant would further show that nothing was ever paid upon the said note and that the same was never extended in any manner whatsoever and that the same became barred by the Statute of Limit-

ations; that thereafter, to wit: on or about the 15th day of October, 1948, the present Mrs. Charles E. Fink called this defendant by telephone and threatened the collection of the said note. At which time this defendant stated, that the note had been cancelled so far as she was concerned and torn up; that thereafter, to wit: on or about the first day of November said plaintiff, Mrs. Charles E. Fink, contacted the defendant's father, who is employed at the Tulsa Ice Company and works under the said plaintiff, Charles E. Fink; thereafter, said Charles E. Fink, the superior and one of the bosses of the said John L. Allmond, this defendant's father, prevailed upon the said John L. Allmond, by exercise of undue influence, to get this defendant to execute a check in payment of a note, which the plaintiff and the said Mrs. Charles E. Fink, knew to be invalid and uncollectible; that thereafter, to-wit: on or about the first day of November, 1948, John L. Allmond, this defendant's father, arranged to meet her and take her to the home of Charles E. Fink at which time she met Mrs. Charles E. Frank, who told her that this defendant's home would be taken and that unless she paid some money or gave a check her home would be taken from her; thereafter, to wit, the said check was delivered to the said Mrs. Charles E. Fink. Defendant would further show that the said John L. Allmond was in danger of incurring the wrath of his superior, the plaintiff, Charles E. Fink, unless he insisted that the defendant, Hattie M. Kopp, execute a check. That the instrument in the petition mentioned was obtained from the defendant by the plaintiff, and there in collusion with him, to wit: Mrs. Charles E. Fink, the agent, servant, and employee of this plaintiff, by duress of the defendant, in this; that the defendant's father is working for the Tulsa Ice Company, a part of which is owned by the plaintiff herein, as an employee of the said Tulsa Ice Company and that the plaintiff herein is the superior and the foreman of this defendant's father, John L. Allmond, and that the plaintiff and his agent, employee and servant, Mrs. Charles E. Fink, prevailed upon this defendant's father to have defendant pay an obligation which they full well knew to be worthless and barred by the Statute of Limitations; and that if this defendant did not execute the purported check her aged father would be harmed in his employment with the said Tulsa Ice Company. That this defendant firmly believes and was led to believe that this defendant's father, John L. Allmond, would lose his position with the said Tulsa Ice Company, and that the defendant, solely in consequence of said threats made and delivered the said instrument, not otherwise.

"By way of a further answer defendant alleges and states: that the check set forth herein was not given as absolute payment and there was no promise on the part of herself, or any person, that the same should be an absolute payment and that she thereafter stopped payment on the said check is not liable thereon.

"Wherefore, this defendant prays judgment that the said check, or instrument, sued upon herein, be judged to be void and delivered up to be cancelled and for such other further relief as may be equitable and just, with all cost herein laid out and expended."

The plaintiff demurred thereto on the grounds that the same did not state a defense to plaintiff's petition. The demurrer was sustained and the defendant elected to stand upon her answer and refused to plead further and gave notice of intention to appeal. Plaintiff offered the check in evidence and judgment was rendered on same.

Defendant asserts the following assignments of error:

"(1) That the said court erred in overruling the motion to make more definite and certain.

"(2) That the said court erred in overruling the demurrer to the petition.

"(3) That the said court erred in sustaining the demurrer to defendant's answer.

"(4) That the said court erred in rendering a judgment for the defendant in error."

which she presents under three propositions which are reiterations of the first three assignments of error.

Defendant's first proposition, that the court erred in overruling her motion to make plaintiff's petition more definite and certain, is without merit. The petition obviously states a cause of action on the check. 48 O.S.A. §402, and 12 O.S.A. §301. Defendant's motion only asked for that which was available to her as a defense. A motion to make more definite and certain is not a remedy to force a plaintiff to plead defensive matter available to a defendant.

Defendant's second proposition is also without merit for the reasons given under defendant's first proposition; however, in this connection, defendant cites and relies on numerous cases but we think they are not in point. One of the cited cases is Bond v. Krugg, 115 Okla. 222, 242 P. 559. The petition there is identical with the petition in the instant case. A jury was waived and the cause proceeded to trial to the court upon an agreed statement of facts. Judgment was rendered for the plaintiff, payee of the check, and upon appeal to this court, the judgment was affirmed.

Under defendant's third proposition, that the court erred in sustaining the demurrer to defendant's answer, it is urged that in the defendant's answer she set up that the check sued upon was obtained by fraud, misrepresentations, duress and undue influence; and that there was failure of consideration; that the trial court held these defenses invalid without submitting the same. to a jury or making any statement as to whether the same were sufficient defenses.

The defendant's answer discloses all the facts relied upon to establish her defense. The demurrer thereto admitted as true all facts well pleaded together with all favorable inferences to be drawn therefrom. Applying this rule to the answer, it does not state facts sufficient to constitute any defense in favor of the defendant; and, therefore, the court committed no error in sustaining the demurrer thereto.

A brief analysis of the defendant's answer shows that she alleged therein that she and her husband, in 1927, made a note and mortgage for $500 payable to the plaintiff: that this remained unpaid; that on November 1, 1948, plaintiff's wife told defendant that they would take her home, which was covered by the mortgage, unless the obligation was paid; that the representation was made that the debt was for a note and mortgage which was valid, collectible and enforceable; and that defendant executed the check upon the representation that said note and mortgage were valid and enforceable; that, on the contrary, said note and mortgage were wholly worthless and unenforceable; that thereafter she discovered the same to be barred by the statute of limitations and that she then stopped payment on the check; that by reason of these facts, the consideration for said written contract has wholly failed.

This contention is untenable.

A promise to perform a duty, the enforcement of which is barred by the statute of limitations, requires no consideration. Am. Law Inst. Restatement, Contracts, vol. 1, §86. The moral obligation is sufficient to sustain the new promise. 12 Am. Jur., Contracts, §101.

The contention that the contract or transaction was voidable because executed as a result of duress or menace is without merit.

In Rice v. Victor, 97 Okla. 106, 222 P. 979, cited by defendant to sustain this contention, the rule is recognized that duress renders a contract voidable and it was applied to a plaintiff who sued to foreclose a real estate mortgage given to secure a note, executed by the defendant therein for the debt of his father. It appeared that

defendant's father had mortgaged cattle to the plaintiff and the plaintiff claimed that the father was guily of disposing of mortgaged property and plaintiff told the defendant that unless he executed the note and mortgage sued upon, defendant's father would be prosecuted. The defendant believed these representations and executed the note and mortgage to prevent the prosecution.

No such representations in the case at bar are alleged. The threats of foreclosure, and the anticipated discharge of defendant's father alleged by the defendant herein, are governed by the rule stated in 17 Am. Jur., Duress and Undue Influence, §17, page 892, which reads:

"It is the well-established general rule that it is not duress to institute or threaten to institute civil suits or take proceedings in court, or for any person to declare that he intends to use the courts wherein to insist upon what he believes to be his legal rights. *It is never duress to threaten to do that which a party has a legal right to do,* and the fact that a threat was made of a resort to legal proceedings to collect a claim which was at least valid in part constitutes neither duress nor fraud such as will avoid liability on a compromise agreement. . ." (Emphasis ours.)

A careful examination of the record does not reveal any cause for reversal. The judgment is affirmed.